[No. 7637.    Decided April 7, 1909.]

ANNA M. DAVISON, *Appellant*, v. THE CITY OF WALLA
WALLA, *Respondent.* [1]

MUNICIPAL  CORPORATIONS—ORDINANCES—PLEADING—REPLY—ISSUE
RAISED.  Where an answer alleges that a city ordinance was duly
passed, a denial in the reply merely questioning the power of the
city to pass the ordinance, does not put in issue the regularity of
the preliminary steps leading up to its passage.

SAME—POLICE POWER—FIRE LIMITS.  A city may enforce provi-
sions· respecting fire limits under its police power without resorting
to judicial proceedings.

SAME—PROVISIONS OF CHARTER—VALIDITY OF FIRE LIMITS—ORDI-
NANCE—REPAIR OF DAMAGED BUILDING.  Under a charter provision
authorizing a city to prohibit, within fire limits, the erection of any
wooden building or addition, and to provide for their removal if
erected contrary to such provision, the city council has power to pass
an ordinance creating fire limits and prohibiting the repair of any
wooden building therein that had been damaged by fire to the extent
of 30 per cent of its value.

SAME—CONSTRUCTION OF ORDINANCE—SUPERSTRUCTURE AS BUILDING.
Damage by fire to the "extent of thirty per cent of the value" of a
wooden building which rested on a concrete foundation, within the
meaning of a fire limits ordinance, has reference to thirty per cent
of the value of the superstructure, exclusive of the foundation, where
the regulations as to fire limits authorized the construction of build-
ings the outer walls of which were made of brick and mortar and
iron, or stone and mortar; since the foundation was within the re-
quirements.

[1] Reported in 100 Pac. 981.

Appeal from a judgment of the superior court for Walla Walla county, Brents, J., entered May 5, 1908, in favor of the defendant, dismissing an action to enjoin the removal of a frame building within the fire limits of a city after partial destruction by fire, after a trial on the merits before the court. Affirmed.

*Brooks & Bartlett* and *John H. Pedigo,* for appellant.
*Oscar Cain* and *J. C. Hurspool,* for respondent.

FULLERTON, J.—The city of Walla Walla is a municipal corporation operating under a special charter enacted by the legislative assembly of the Territory of Washington. Section 4 of the charter gives the city power to make regulations for prevention of accidents by fire, and "on petition of the owners of one-half of the ground included within any prescribed limits within the city, to prohibit the erection within such limits of any building or any addition to any building, unless the outer walls thereof be made of brick and mortar and iron, or stone and mortar, and to provide for the removal of any building, or any addition erected contrary to such prohibition." Pursuant to this provision of its charter, the city enacted an ordinance creating fire limits, within which it made it unlawful to erect any building other than those defined in the city charter, or to repair or rebuild, without the consent of the city council, any wooden building within the fire limits that should be damaged by fire to an extent equaling 30 per centum of its value.

The appellant owned a framed structure erected upon a concrete basement within the fire limits, which was destroyed by fire to an extent greater than 30 per centum of the value of the building if the concrete basement is not included in the estimate of value, but less than 30 per centum of its value if the concrete basement is included in such estimate. The city authorities, claiming that the building was destroyed to such an extent as to prevent the owner from rebuilding,

threatened to remove the portion of the structure remaining, when this action was begun to enjoin them from so doing. At the trial the court held with the city, and dismissed the action. The owner appeals.

The appellant attacks the validity of the ordinance. He complains that it was not shown that the ordinance was preceded by the preliminary petition prescribed by the city charter. But as we read the record, there was no issue on this question. The city in its answer pleaded that the ordinance was duly passed, while the denial in the reply merely questions the power of the city to pass the ordinance, not that the preliminary steps were not properly taken. This form of denial does not put in issue the regularity of the proceedings leading up to the passage of the ordinance, and the city was not called upon to prove them.

It is next insisted that the ordinance is arbitrary and confiscatory in that it attempts to confer upon the city power to destroy property of the citizen without first ascertaining by a judicial proceeding whether the property is within the terms of the ordinance, or subject to destruction thereunder. But to prevent the erection of a building within a prohibited area, or take down a building erected therein in violation of an ordinance prohibiting its erection, is not a condemnation of the property to a public use, but is merely the exercise of the police power of the state, and may be done by the city without a resort to judicial proceedings. *Eichenlaub v. St. Joseph*, 113 Mo. 395, 21 S. W. 8, 18 L. R. A. 590; *McKibbin v. Fort Smith*, 35 Ark. 352; *Klingler v. Bickel*, 117 Pa. St. 326, 11 Atl. 555; *Hine v. New Haven*, 40 Conn. 478; *Baumgartner v. Hasty*, 100 Ind. 575, 50 Am. Rep. 830.

Whether the particular ordinance is valid, since it requires the removal of a wooden building only 30 per centum of which is destroyed, is a more serious question. A case in point, supporting the ordinance, is *Ironside v. Vinita* (Ind. Ter.), 98 S. W. 167. In that case the charter empowered the municipality to make regulations for the purpose of guarding

against accidents by fire, and to prohibit the erection of any building, or any addition to any building, more than ten feet high, unless the outer walls thereof be made of brick or mortar, or of iron or stone and mortar; and to provide for the removal of any building or additions erected to any building contrary to such prohibition. Acting under this charter, the city enacted an ordinance establishing fire limits and making it unlawful to repair or rebuild any wooden building within such fire limits which had been damaged to an extent of 25 per cent of the value thereof, without obtaining permission from the town council. It was held that ample authority was given the city by the charter to enact the ordinance. In our judgment this conclusion is just, when it is remembered that the purpose of a fire limit is to prevent the destruction of human life and property by fire, and we adopt it as a proper construction of the ordinance in question here.

Finally, it is urged that the value of the concrete basement should be taken into consideration in estimating the value of the building and the relative proportion thereof which the fire destroyed. While it is true that the term "building" without other description usually includes the foundation upon which it rests, it is manifest that it was not so intended by this ordinance. The concrete foundation is not in the least objectionable. It complies strictly with the terms of the ordinance. The whole danger lies in the wooden superstructure, and it is this only that must be considered in determining the percentage of destruction.

The judgment will stand affirmed.

CHADWICK, GOSE, CROW, MOUNT, and DUNBAR, JJ., concur.