[No. 16940.  Department Two.  May 22, 1922.]

GEORGE DEVON, *Appellant*, v. THE TOWN OF OROVILLE, *Respondent*.[1]

MUNICIPAL CORPORATIONS (42)—ORDINANCES—RECORDS—PROOF OF PASSAGE—SUFFICIENCY.  The validity of an ordinance is not dependent upon compliance with Rem. Comp. Stat., § 9188, requiring town ordinances to be recorded in a book marked "ordinances," certified copies of which shall be *prima facie* evidence of its contents, passage and publication, with the proviso that this shall not prevent proof thereof in the "usual way."

SAME (43, 53)—ORDINANCE—PUBLICATION—PROOF.  Proof of the publication of a town ordinance may be made by the testimony of the town clerk and the admission of a copy of the paper.

NEWSPAPERS (1)—DESIGNATION OF OFFICIAL PAPERS.  The fact that, for several years, all town ordinances were published in a certain paper, warrants the conclusion that such paper had been designated as the official paper under Rem. Comp. Stat., § 9177, providing that the city council may select or designate the official paper.

MUNICIPAL CORPORATIONS (315)—POLICE POWER—FIRES—REMOVAL OF DAMAGED BUILDINGS—ORDINANCE—VALIDITY.  A town ordinance authorizing the destruction of wooden buildings within the fire limits that have been damaged by fire to the extent of more than fifty per cent of their value is not void for want of power of the city to so provide; nor because of its failure to provide the method of determining the extent of the damage.

SAME (315).  In an action to enjoin the destruction of a building within the fire limits, as authorized by an ordinance when a wooden building has been damaged by fire in excess of fifty per cent of its value, in which the city submitted an issue, and had the burden of proof, as to the amount of the damage, it is error to enter judgment authorizing destruction of the building without determining the extent of the damage, upon misconstruing the effect of an uncertain stipulation which did not amount to an admission by plaintiff that the building had been damaged in excess of fifty per cent of its value.

HOLCOMB, J., dissents.

Appeal from a judgment of the superior court for Okanogan county, Neal, J., entered May 28, 1921, in

[1] Reported in 207 Pac. 231.

favor of the defendant, in an action to enjoin the destruction of a building within the fire limits of a town after partial destruction by fire. Reversed.

*J. Henry Smith,* for appellant.

*P. D. Smith,* for respondent.

PARKER, C. J.—The plaintiff DeVon commenced this action in the superior court for Okanogan county, seeking an injunction restraining the defendant town of Oroville, a municipal corporation of the fourth class, and its officers from destroying a building owned by him, which building was damaged by fire; the town officers claiming the lawful right and authority to destroy the building by virtue of a fire and building ordinance of the city hereinafter noticed. The plaintiff alleges in his complaint that he owns the building in question, that it is of the value of more than $10,000; and that the town's officers are threatening to destroy it without warrant or authority of law. As an affirmative defense, the town alleges the existence of the ordinance in question (Ordinance No. 66), which, after defining the fire limits of the town, within which wooden buildings shall not be constructed, contains the following provision:

"Section 5. Any existing frame building within the fire limits which may hereafter be damaged by fire, decay or otherwise, to an amount greater than one-half of its present value, exclusive of the foundation, shall not be repaired or rebuilt, but shall be removed from said fire limits;"

that the building is a wooden building; that it is within the fire limits as defined by the ordinance;

"that shortly prior to the commencement of this action, said frame building was destroyed by fire to the extent of more than 50% of its value, and as provided in said Ordinance No. 66, exclusive of the foun-

dation, and though many times requested by the proper authorities of the said Town of Oroville, the plaintiffs refused and still do refuse to remove said building; that said building was at the time of the commencement of this action, and still is, a menace to the said Town of Oroville and its inhabitants . . ."

and concludes with a prayer as follows:

"that said partially destroyed building be adjudged a nuisance, and that the plaintiffs be required to remove the same within a time specified by the decree of this court, and in case the plaintiffs shall fail or refuse to do so, the defendant may abate said nuisance at the costs of the plaintiffs."

The plaintiff, in his reply, denies in substance the legal existence of the ordinance, and also damage to the building to an amount greater than one-half of its value. With the issues so made by the pleadings, the case proceeded to trial in the superior court, resulting in judgment being rendered by that court as follows:

"It is further found, adjudged and decreed that that certain frame building owned by the plaintiffs and situated on Lots 13 and 14 in Block 45 of the Townsite of Oroville, Washington, is within the fire limits of the said Town of Oroville as established by ordinance of said town duly passed and enforced, and is a nuisance under the provisions of said ordinance and the laws of the State of Washington.

"And it is hereby adjudged and decreed that said nuisance be abated.

"It is further adjudged and decreed that the plaintiffs be and are given 60 days from the date hereof in which to abate said nuisance, and upon their failure so to do, the defendant abate and remove said nuisance at the cost and expense of the plaintiffs."

From this disposition of the case in the superior court, the plaintiff has appealed to this court.

It is first contended that the legal existence of the ordinance has not been properly evidenced of record,

in that it has not been recorded as required by law.
Counsel invoke the provisions of Rem. Comp. Stat.,
§ 9188, relating to the duties of the town clerk, read-
ing as follows:

". . . He shall keep a book marked 'Ordinances,'
into which he shall copy all town ordinances, with his
certificate annexed to said copy, stating that the fore-
going ordinance is a true and correct copy of an ordi-
nance of the town, and giving the number and title of
said ordinance, and stating that the same has been
published or posted according to law. Said record
copy, with said certificate, shall be *prima facie* evidence
of the contents of the ordinance, and of the passage
and publication of the same, and shall be admissible
as such evidence in any court or proceeding. Such
records shall not be filed in any case, but shall be re-
turned to the custody of the clerk. Nothing herein con-
tained shall be construed to prevent the proof of the
passage and publication of ordinances in the usual
way. . . ."

The argument seems to be that the ordinance has no
legal existence, so as to be proven in any manner, until
it has been recorded as contemplated by this statute.
We cannot agree with this view of the law. It appears
from the evidence introduced upon the trial that, in-
stead of this ordinance being copied in a book and
certified as a true copy by the clerk, as provided by
that section, he has followed the custom of attaching
the original ordinances together from time to time in
the order of their passage and numbering them ac-
cordingly, each being evidenced as to its passage and
the time of its passage by the signature of the mayor,
attested by the clerk, as provided by Rem. Comp. Stat.,
§ 9178. Instead of the due passage of this ordinance
being proven upon the trial by a record of it made in
a book as provided by Rem. Comp. Stat., § 9188, its
due passage was proven by the introduction in evidence

of the original ordinance itself, which was signed by the mayor and attested by the clerk. Manifestly the original ordinance, so duly authenticated, is as high an order of proof of its due passage as a copy of it in a book certified by the clerk as prescribed by section 9188, would be. 19 R. C. L. 908; 28 Cyc. 397. Plainly a record of the ordinance as provided by section 9188, above quoted, would be no more than a certified copy of the ordinance. There is nothing in our statutes even suggesting that a failure to so record the ordinance renders it void or of no effect. As we view the above quoted statute, it is nothing more than a rule of evidence prescribing a simple method of making *prima facie* proof of the due passage of an ordinance. Even the concluding sentence of the statute above quoted negatives the idea that such method of proof is exclusive. It seems quite plain to us that the passage of the ordinance was amply proven.

It is also contended that no proper proof of the publication of the ordinance has been made. The evidence clearly shows that it was published in a newspaper published in the town. This was proven by the testimony of the town clerk and the admission in evidence of a copy of the paper. We do not find any statute prescribing the method of proving, or preserving the proof of, the publication of an ordinance other than the certificate of the clerk to be made with the recording of the ordinance as provided in section 9188, above quoted; but that, as we have seen, is not an exclusive method of proof. Some contention is made in this connection that there is no evidence of a designation by the town authorities of the paper in which the ordinance was published, as the official paper of the town. Rem. Comp. Stat., § 9177, touching this question, reads as follows:

11—120 WASH.

"Any town of the fourth class in the state of Washington may select or designate any daily or weekly newspaper published or of general circulation in such town as the official paper of said town, and all notices published in said paper for the period and in the manner provided by law or the ordinances of said town shall be due and legal notice."

The evidence introduced upon the trial of this case warrants the conclusion that the town authorities have never formally designated any paper as the official paper of the town; but the evidence is all but conclusive that, since several years prior to the passage of this ordinance, all of the official publications of the town, including its ordinances, have been made in the paper in which this ordinance was published. This, we think, is sufficient to call for the conclusion that this paper was, at the time of the publication of this ordinance therein, the official paper of the town; and that therefore the ordinance was duly published. It is to be noted that there is nothing in the language of Rem. Comp. Stat., § 9177, designating the manner in which the official paper of the town shall be so designated.

It is contended that, even though the ordinance may have been passed and published in due form, it is void in that it is beyond the power of the city to enact it. We note that the ordinance is silent as to any method of procedure by which it shall be determined as to whether or not a building damaged by fire has been so damaged to a greater amount than one-half of its value. It seems to be argued that the threatened summary removal of the building by the town officers would be the taking of property without due process of law, and that this renders the ordinance void. Whatever may be said as to the method the city officers may pursue in determining the extent of the damage to the building and the question of its removal, manifestly their pro-

cedure, however summary or unlawful, would not render the ordinance void, in view of the fact that it is silent on the question of procedure. So the only real question we can make out of the argument going to the invalidity of the ordinance is the contention that it is void because of the prescribing of the condition which shall call for the removal of a wooden building from the fire limits, to wit, its damage "to an amount greater than one-half of its present value." That this prescribing of such condition as cause for removal of a building does not render the ordinance void is made plain by our decision in *Davison v. Walla Walla,* 52 Wash. 453, 100 Pac. 981, 132 Am. St. 983, 21 L. R. A. (N. S.) 454, wherein it is held that an ordinance providing that a building damaged to the extent of thirty per cent of its value should be removed from the fire limits is valid and within the power of the city to enact. Among the powers expressly given to municipalities of the fourth class, we find in Rem. Comp. Stat., § 9176, the following: "Cities of the fourth class are hereby given the power to establish fire limits with proper regulations; . . ." We are quite convinced that the ordinance in question was duly passed and published, and that it constitutes a valid exercise of power by the town, in so far as we are here called upon to notice its provisions.

Some contention is made that, even though the ordinance be valid as prescribing conditions calling for the removal of a damaged building from the fire limits, the threatened action of the town officers would be arbitrary and without authority of law, since their threatened act would, if consummated, be without any previous hearing accorded to appellant as to whether or not the building had been damaged more than one-half of its value. The question as to whether or not

such summary action on the part of the town officers would be lawful is not now in this case, because instead of so proceeding the town officers have, by their affirmative answer and prayer in this case, submitted herein for judicial determination the question of whether or not the town has the lawful right to have appellant's building removed from the fire limits of town. In the state of the pleadings as we find them in this case it is apparent that the town officers are no longer seeking to summarily remove this building, but are affirmatively seeking a decree of a court of equity to enforce its removal from the fire limits, the same as if the town were plaintiff in the case.

We now come to a controversy between counsel for the respective parties which to us seems to render it impossible for us to finally decide this case upon this appeal. What we have said, so far, reduces the ultimate question to be decided in the case to this question of fact: Was the building damaged by the fire "to an amount greater than one-half of its present value"? Had respective counsel refrained from their seeming attempt to stipulate that the validity of the ordinance should be the all-controlling question in the case, we would not be in our present difficulty; for then this question of fact as to the amount of damage to the building would have been tried out in an orderly way. But the fact remains that it was not so tried out. So it is still an open question in the case which cannot be finally determined until that question is settled. Had that question of fact been tried out and the court from the evidence been able to find that the building was damaged more than one-half of its value, there would have been ground to support the judgment which the court rendered; but no evidence was introduced upon that question in behalf of the town officers, where the

burden of proof rested, in view of the affirmative relief prayed for. This condition of the case plainly came about by a colloquy of uncertain ultimate meaning between counsel for the respective parties occurring during the trial, in which they seemed to attempt to stipulate that the validity of the ordinance should be the all-controlling question in the case. Counsel for the town now insist that the stipulation amounted to an admission on the part of appellant that the building had been damaged more than one-half of its value; while counsel for appellant insist that such is not its meaning. Now whatever may be said as to the meaning of this claimed stipulation, we think it sufficient to say that we are quite convinced that it in no event amounts to an admission on the part of appellant or his counsel that the building was damaged more than one-half of its value. It is true that at the conclusion of counsels' colloquy the trial judge made this remark: "The questions of value or damage more than fifty per cent are now all out of the case." This seemed to be the learned judge's opinion of the meaning of the attempted stipulation; but even this remark of the learned judge leaves us in the dark. We do not gather therefrom that the stipulation means an admission on the part of appellant or his counsel that the building was damaged more than one-half of its value. The trouble with the present condition of the case is that that question of fact cannot be eliminated and the case finally decided upon its merits; and particularly it cannot be eliminated and the case decided upon its merits by the granting of the affirmative relief which the trial court's judgment purports to grant. If the attempted stipulation of counsel had amounted to an admission by appellant that the building had been damaged more than one-half of its value, as we find was the stipulation in

*Davison v. Walla Walla,* 52 Wash. 453, 100 Pac. 981, 132 Am. St. 983, 21 L. R. A. (N. S.) 454, by reference to the original record in that case, we could, of course, sustain the trial court's judgment; but this judgment does not rest upon either admission or proof touching that question of fact.

We feel constrained to hold that the judgment of the superior court must be reversed; and that, in view of the condition we find this record in, the case must be remanded to that court with directions to try out the question of fact as to whether or not the building has been damaged more than one-half of its value; and render its judgment accordingly, as it may so find upon competent evidence touching that question of fact. Appellant will recover his costs incurred upon this appeal.

Mackintosh, Hovey, and Main, JJ., concur.

Holcomb, J. (dissenting)—I dissent. In my opinion, appellant admitted that the building was destroyed to the extent of more than one-half of its value, and the trial judge, with his usual care and consideration, explicitly called that admission to the attention of counsel, and no contradiction or reservation was made thereto. Counsel seemed to rely wholly on the invalidity of the ordinance and proceedings.

It is, to my mind, unnecessary and useless to remand the case for trial upon that issue. As an issue, it was waived to the trial court, or else the trial court was led into a trap.

The judgment should be affirmed in toto.