[No. 19371.  Department One.  October 28, 1925.]

T. R. BEHREND *et al., Respondents,* v. TOWN OF PE ELL, *Appellant.*[1]

MUNICIPAL CORPORATIONS (315)—POLICE POWER AND REGULATIONS —PRECAUTION AGAINST FIRE—BUILDING RESTRICTIONS—VALIDITY.  A fire ordinance prohibiting the repair or renewal of buildings in the fire limits when the cost shall exceed fifty per cent of the actual value of the building, is not unconstitutional by reason of its failure to provide a method of procedure to determine the value of the building; since the standard is fixed at fifty per cent for all persons alike, who may litigate any alleged capricious or arbitrary action in determining the value.

Appeal from a judgment of the superior court for Lewis county, Simpson, J., entered December 22, 1924, granting a writ of mandamus requiring a city council to issue a building permit, upon sustaining a demurrer to the city's answer.  Reversed.

*Welsh & Welsh,* for appellant.

*Gus L. Thacker,* for respondents.

ASKREN, J.—Plaintiffs are the owners of improved real estate which is situated within the fire limits of the town of Pe Ell.  The building being damaged by fire, application was made to the city council for a permit to repair the building under a section of the city ordinance governing the granting of such permits, which reads:

"That no building now within such fire limits shall be repaired, altered, extended, or renewed when the cost of such repair, alteration, extension, or renewal shall exceed fifty per cent of the actual value of such building, which value shall be fixed and determined by said town council; and no permit shall be granted to

[1]Reported in 240 Pac. 12.

erect, construct, alter, repair, extend, or renew any wooden awning over any sidewalk or upon any part of any street or public highway within such fire limits.''

The application for the permit to repair placed the value of the repairs at five hundred dollars. The city council determined that the value of the building to be repaired was two hundred dollars, and refused to grant the permit. Plaintiffs filed an action in the superior court praying that the ordinance under which the city council acted be held void, and asking for a writ of mandamus requiring the council to grant the permit. The defendant answered, alleging the value of the building to be two hundred dollars, and the repairs five hundred dollars, and set out the ordinance as a basis for its refusal. It further set out, as a separate defense, that, when application was made for the permit at a regular meeting of the town council, plaintiffs requested and agreed that the council appoint three carpenters as appraisers to determine the value of the building; that such appraisers were appointed after the plaintiffs had agreed and acquiesced in their appointment, and in the method of determining the value of the building in question. A demurrer by plaintiffs to the answer of defendant was sustained. The trial court took the view that the ordinance was void because no provision was made therein for the method or procedure to be followed in ascertaining the value of the building to be repaired. Defendant appeals.

It is the contention of appellant that the ordinance is not invalid because of failure to provide a method of procedure to determine the value of the building. This contention seems to be sound. While this matter has never been directly passed upon by this court, we have inferentially held with appellants' position in *Davison*

*v. Walla Walla,* 52 Wash. 453, 100 Pac. 981, 132 Am. St. 983, 21 L. R. A. (N. S.) 454, where it was said:

"Whether the particular ordinance is valid, since it requires the removal of a wooden building only 30 per centum of which is destroyed, is a more serious question. A case in point, supporting the ordinance, is *Ironsides v. Vinita,* (Ind. Ter.), 98 S. W. 167. In that case the charter empowered the municipality to make regulations for the purpose of guarding against accidents by fire, and to prohibit the erection of any building, or any addition to any building, more than ten feet high, unless the outer walls thereof be made of brick or mortar, or of iron or stone and mortar; and to provide for the removal of any building or additions erected to any building contrary to such prohibition. Acting under this charter, the city enacted an ordinance establishing fire limits and making it unlawful to repair or rebuild any wooden building within such fire limits which had been damaged to an extent of 25 per cent of the value thereof, without obtaining permission from the town council. It was held that ample authority was given the city by the charter to enact the ordinance."

Appellants rely upon *De Von v. Oroville,* 120 Wash. 317, 207 Pac. 231, but the precise point argued here was not decided in that case, because an action had been brought in the superior court to determine the value of the building.

No contention is made by respondents as to the right of the city to pass the ordinance in question, except as to its failure to provide a method for determining the value of the building; but it seems to be contended that, because the town council may arbitrarily or capriciously undervalue or overvalue buildings, the ordinance is void.

The theory upon which most ordinances of this character have been declared void has been because they provide no standard for determining the right to

a license or permit. The courts have not hesitated to set aside ordinances which provide either that the act of the building inspector in refusing a permit is final; that the town council can grant or refuse according to its own discretion; that the right to determine the qualifications or standard shall be delegated by the council to a special committee, or where the amount of repairs bears no proper relation to the value of the property; because the effect of such ordinances is to place it within the power of the council to arbitrarily refuse that which may belong to a citizen as a matter of right, or there has been an attempt to delegate the council's duty.

Respondents place much reliance upon our decision in *Seattle v. Gibson,* 96 Wash. 425, 165 Pac. 109, and *State ex rel. Makris v. Superior Court,* 113 Wash. 296, 193 Pac. 845. In the *Gibson* case, *supra,* the city of Seattle passed an ordinance requiring druggists to obtain licenses before doing business in the city, and providing that, upon application to the city council, it should be referred to the license committee, which committee

" . . . shall consider such petition and may, in its discretion, investigate any of the matters set forth therein, and report its findings and recommendations thereon to the city council, and if said committee recommends that said petition be granted shall accompany such recommendation with a proposed ordinance granting the license petitioned for."

It will be seen that no standard was placed as to the qualifications of those who should be entitled to a license. The committee could refuse to grant, in the words of the ordinance, "in its discretion." The ordinance was therefore held unconstitutional.

In the *Makris* case, *supra,* the relator had been granted a license to engage in selling candy and soft

drinks, which license had been revoked by the commissioner of public safety under an ordinance which provided that,

"The license of any business mentioned in this section may be revoked by the commissioner of public safety in his discretion for disorderly or immoral conduct or gambling on the premises, or whenever the preservation of public morality, health, peace or good order shall in his judgment render such revocation necessary."

The ordinance was declared unconstitutional because it left to the commissioner to determine according to his own notion what would be a menace to the "preservation of public morality, health, peace or good order." It was there said:

"Our decision in *Seattle v. Gibson, supra,* and those of the Federal and state courts upon which that decision is rested, render it plain that it is sufficient to render a law or ordinance void in the light of these constitutional guaranties, if the prescribed manner of administering such law or ordinance results in leaving the question of the propriety of issuing, withholding or revoking a license to conduct an ordinarily lawful business, and thus the question of who may and who may not engage in such business, to the decision of any officer or set of officers, uncontrolled by any prescribed rule of action."

But we cannot agree with respondents that this ordinance is like either of the two just mentioned. In neither of the cases cited was the standard set. In the ordinance under consideration, the standard is set at fifty per cent of the value of the building. It seems to be argued that this leaves the discretionary power with the council, but we think no discretion is granted by the ordinance. All persons are treated alike under its provisions. The standard having been fixed at fifty per cent of the value of the building, all persons apply-

ing for permits are entitled to them as a matter of right if the repairs do not exceed fifty per cent of the value of the building. The council has no discretion but must grant the permit if the value of the repairs is less than fifty per cent; and if more than fifty per cent, must refuse. This ordinance sets a standard, operates upon all alike, and we think the failure to provide a detailed method of procedure cannot render it unconstitutional.

Our view of the constitutionality of this ordinance does not, however, prevent the respondent from litigating any alleged capricious or arbitrary action of the council in determining the value of the building in question.

The order will be reversed, with instructions to overrule the demurrer.

TOLMAN, C. J., HOLCOMB, MACKINTOSH, and FULLERTON, JJ., concur.