[No. 34909.  Department One.  October 8, 1959.]

THE CITY OF EVERETT, *Respondent*, v. GEORGE W. UNSWORTH, *Appellant*.[1]

[1]Reported in 344 P. (2d) 728.

*George Unsworth,* pro se.

*Leslie R. Cooper* and *William F. Ingram,* for respondent.

ROSELLINI, J.—The appellant was charged, in justice court, with the offense of failure to comply with an order of the municipal judge of the police court of the city of Everett. Under the order issued after a fire had occurred in an apartment building of which appellant was the contract purchaser, he was required to remove a chimney in the building to the bottom of the flue or flues, and so much further as was necessary to reach solidly-placed, well-mortared bricks, and so that the chimney would be removed from contact with any portion of the building bearing on or against it. He was found guilty, and appealed to the superior court, where a jury likewise returned a verdict of guilty.

In accordance with Everett city ordinance No. 3414, the court imposed a fine of twenty-five dollars and costs.

The appellant represented himself in the trial court and has conducted his own appeal. The transcript is incomplete and there is no record of the evidence taken at any stage of the proceedings. The statement of facts does not contain any reference to the exhibits. However, considering the fact that the appellant is here without benefit of counsel, we will answer his "questions," which he characterizes as "assignments of error," insofar as we can upon the limited record before us.

The respondent contends that the judgment should be affirmed because the appellant has not set forth a concise statement of points upon which he intends to rely on this appeal, as required by Rule on Appeal 34 (3) 34A Wn. (2d) 36, RCW Vol. 0, and has failed to include in the statement of facts any of the exhibits introduced at the time of trial. With one exception, the errors complained of cannot be considered for these reasons.

The first assignment, however, raises a question of law. In this assignment, he contends that ordinance No. 3414 gives the municipal court authority to abate a nuisance, and that under the state constitution, amendment 28, such jurisdiction is vested exclusively in the superior court. The ordinance is included in the exhibits brought to this court and is identified in the judgment, therefore, it is before the court for consideration. *Zarelli v. Superior Distributing Corp.*, 51 Wn. (2d) 154, 316 P. (2d) 465; *State ex rel. Potter v. Maybury*, 161 Wash. 142, 296 Pac. 566.

Everett, a city of the first class, is empowered by RCW 35.22.280 (24):

"To establish fire limits and to make all such regulations for the erection and maintenance of buildings or other structures within its corporate limits as the safety of persons or property may require, and to cause all such buildings and places as may from any cause be in a dangerous state to be put in safe condition."

In the exercise of this power, it enacted ordinance No. 3414, providing for the establishment of a bureau of fire prevention, providing officers therefor and defining their powers and duties, and prescribing regulations for fire prevention and life safety in connection with hazardous materials and processes. The ordinance provides, *inter alia:*

"Section 107: The Chief of the Fire Department, Chief of the Bureau of Fire Prevention or an Inspector upon the complaint of any person or whenever he or they shall deem it necessary, shall inspect all buildings and premises within their jurisdiction. Whenever any of said officers shall find any building or other structure which, for want of repairs, lack of sufficient fire escapes, automatic or other fire alarm apparatus or fire extinguishing equipment or by reason of age or dilapidated condition, or from any other cause, is especially liable to fire, and which is so situated as to endanger other property or the occupants thereof, and whenever such officer shall find in any building combustible or explosive matter or flammable conditions dangerous to the safety of such building or the occupants thereof he or they shall order such dangerous conditions or materials to be removed or remedied in such manner

as may be specified by the Chief of the Bureau of Fire Prevention.

"Section 108: . . . Any such order shall forthwith be complied with by the owner or occupant of such premises or building. If such order is made by the Chief of the Bureau of Fire Prevention or one of the Inspectors, such owner or occupant may within twenty-four hours appeal to the Chief of the Fire Department, who shall, within five days, review such order and file his decision thereon, and unless by his authority the order is revoked or modified it shall remain in full force and be complied with within the time fixed in said order or decision of the Chief of the Fire Department.

"Provided, however, that any such owner or occupant may, within five days after the making or affirming of any such order by the Chief of the Fire Department, file his petition with the Municipal Court, praying a review of such order and it shall be the duty of such court to hear the same within not less than five days nor more than ten days from the time the petition is filed, and to make such order in the premises as right and justice may require and such decision shall be final. Such parties so appealing to the Municipal Court shall file with said court within two days a bond in an amount to be fixed by the court, to be approved by the court, conditioned to pay all the costs of such appeal in case such appellant fails to sustain his appeal or the same be dismissed for any cause."

■ It is well settled that the enactment of reasonable ordinances of this kind are within the police power of a municipality. *DeVon v. Oroville,* 120 Wash. 317, 207 Pac. 231; *Coffin v. Blackwell,* 116 Wash. 281, 199 Pac. 239; *Seattle v. Hinckley,* 40 Wash. 468, 82 Pac. 747; 7 McQuillin, Municipal Corporations (3d ed.) 425, § 24.457. Indeed, the appellant does not question the power of the city council to enact the ordinance in question, except insofar as it reposes in the municipal court authority to determine finally whether a condition found to be dangerous by an officer of the bureau of fire prevention should be remedied or removed.

The appellant may be correct in his contention that an action to abate a nuisance must be brought in the superior court; however, the provisions in question do not purport

to authorize the bringing in justice court of actions to abate conditions which are fire hazards, and therefore nuisances, but merely set up an administrative procedure under which the existence of dangerous conditions can be ascertained and remedied. This procedure provides for notice to the person to be affected by any ruling issued by the bureau and gives him an opportunity to be heard, and it is not claimed that the appellant was denied due process in any sense.

There can be no doubt that the city, in the exercise of its police power, may declare a nuisance, may abate the same without resort to the courts, and may impose fines upon parties who create, continue or suffer nuisances to exist. RCW 35.22.280 (31); *Davison v. Walla Walla,* 52 Wash. 453, 100 Pac. 981.

But there was in this case no abatement of the chimney by the city authorities. Rather, by an order which was well within the police power of the city, the appellant was directed to remove the dangerous portion. After he had failed and refused to comply with the order for a period of more than ten days, this action was brought in municipal court to impose the fine provided by the ordinance. Jurisdiction over offenses defined by city ordinances is conferred on municipal courts by RCW 35.22.460. We find no merit in the appellant's argument that the ordinance violates amendment 28 of the constitution.

The appellant further argues that the chimney was, in fact, safe. The ordinance provides that where it is found by the chief of the fire department, chief of the bureau of fire prevention, or an inspector that a hazardous condition exists, he shall order it removed or remedied. The owner, occupant, or person in charge, to whom the order is given, may appeal to the chief of the fire department if the order was issued by one of the other officers; and if he is dissatisfied with the determination made by the fire chief, he may appeal to the municipal court, which is empowered to make such order as "right and justice may require." Under the ordinance, the decision of the municipal court is final. It is, of course, subject to review by writ of cer-

tiorari issued out of the superior court under RCW 7.16.040, which authorizes such a writ to review illegal acts or to correct an erroneous proceeding not according to the course of common law where there is no adequate remedy by appeal or otherwise.

The appellant did in fact appeal from the decision of the municipal court; and the superior court, treating his appeal as a petition for a writ of certiorari, upheld the determination of the municipal court that a portion of the chimney was unsafe and should be removed. The appellant having failed to appeal from that determination, the correctness of the municipal court's determination that the condition of the chimney should be remedied, is no longer open to question. Even if we had the right to review that determination, we could not do so since the record of the proceedings in the municipal court and the superior court is not before us.

The judgment is affirmed.

WEAVER, C. J., DONWORTH, OTT, and HUNTER, JJ., concur.