IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| CITY OF SPOKANE, | ) | No. 33111-3-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| BLAYNE L. DUTTON, | ) | |
| | ) | |
| Petitioner. | ) | |

PENNELL, J. — In 2013, the city of Spokane (City) determined the buildings on

Blayne Dutton's property were substandard and abandoned, then assessed $1,800 in fees

as a lien against the property. A hearing examiner upheld this decision and the superior

court affirmed. On appeal to our court, Mr. Dutton raises both Fourth Amendment and

jurisdictional challenges. We find no error and affirm.

FACTS

In February 2013, the City's Code Enforcement Department (Code Enforcement)

received a complaint regarding Mr. Dutton's property. Code Enforcement and the City's

Building Department (Building Department) investigated the complaint and began the

process to determine whether the buildings on the property were substandard under the

Spokane Municipal Code (SMC). On April 15, 2013, the City sent a certified letter to

Mr. Dutton (1) advising a complaint had been received regarding the conditions of his property, (2) specifying the substandard conditions that the City believed existed at the property, and (3) notifying him of the scheduling of an administrative hearing before the City's building official to provide Mr. Dutton an opportunity to address the alleged conditions of his property.

At the administrative hearing, held June 4, 2013, staff from Code Enforcement and the Building Department presented evidence of the ownership and conditions of Mr. Dutton's property. Code Enforcement had performed property inspections on March 8 and June 3, 2013, with the Building Department performing its own inspection on April 10, 2013. Arguing the City illegally entered the property, Mr. Dutton's attorney questioned staff from both City departments on the manner in which they performed the inspections. Photographs of Mr. Dutton's property were utilized at the hearing. According to the City staff, they took these photographs from public right-of-ways. On June 18, 2013, the City's building official issued an order determining the buildings found on the property to be (1) substandard as defined by SMC 17F.070.400 and (2) abandoned as defined by SMC 17F.070.030. The official further ordered Mr. Dutton to prepare a rehabilitation plan, then assessed a $1,500 hearing processing fee and $300 property monitoring fee.

2

Mr. Dutton appealed the building official's order to the City's hearing examiner. At the appeal hearing, Mr. Dutton continued to challenge what he alleged to be the City's illegal entry onto his property. His attorney again questioned staff from Code Enforcement and the Building Department regarding the manner in which they conducted inspections of the property. The City staff testified they did not enter the property at any time during their investigation. Mr. Dutton did not offer any contrary evidence or testimony at the hearing to support his allegations of illegal entry. On October 30, 2013, the hearing examiner issued a decision (1) upholding the building official's order as there was no search of Mr. Dutton's property, (2) declining to consider Mr. Dutton's taking claim due to inadequate argument, and (3) finding the hearing examiner did have subject matter jurisdiction and Mr. Dutton's procedural and substantive due process rights were not violated.

Subsequently, Mr. Dutton appealed to Spokane County Superior Court. The court affirmed the hearing examiner's decision. Mr. Dutton appealed.

## ANALYSIS

*Standard of Review*

There is some confusion over whether this case falls under the Land Use Petition Act (LUPA), chapter 36.70C RCW, or the Administrative Procedure Act (APA), chapter

34.05 RCW. Regardless, our standard of review is essentially the same. We review the administrative decision on the record before the administrative agency, not the superior court. Questions of law are reviewed de novo, and factual findings are reviewed for substantial evidence. *See Heidgerken v. Dep't of Nat. Res.*, 99 Wn. App. 380, 384, 993 P.2d 934 (2000); *Satsop Valley Homeowners Ass'n v. N.W. Rock, Inc.*, 126 Wn. App. 536, 541, 108 P.3d 1247 (2005).

*Warrantless Search*

Mr. Dutton argues the City violated his federal and state constitutional rights when it inspected his property without a warrant. This claim fails because it is purely speculative. No substantive evidence was presented during the administrative hearing process to support Mr. Dutton's illegal search claim.[1] All the evidence was to the contrary. Accordingly, substantial evidence supports the hearing officer's determination that there was no illegal search.

---

[1]In his opening brief, Mr. Dutton attached a copy of a letter he received from a neighbor dated November 23, 2013, detailing the entry of a police officer and two men onto his property the previous day. This letter was not before the building official or the hearing examiner. Under either the APA or LUPA, this court's review is limited to the administrative record. As such, this court will not consider the letter.

4

*Jurisdiction*

Mr. Dutton claims the City's building official and hearing examiner did not have jurisdiction to hear this action. Citing the Washington Constitution, Mr. Dutton contends only the superior court had jurisdiction. This is because article IV, section 6 states: "The superior court shall have original jurisdiction in all cases at law which involve the title or possession of real property . . . and in all cases . . . of actions to prevent or abate a nuisance." [2] Mr. Dutton cites no case law to support his contention.

Mr. Dutton's argument that the proceedings against him constituted an action to abate a nuisance, and therefore must originally be filed in superior court, is foreclosed by *City of Everett v. Unsworth*, 54 Wn.2d 760, 763-64, 344 P.2d 728 (1959). In rejecting a similar constitutional challenge, our Supreme Court wrote as follows:

> The appellant may be correct in his contention that an action to abate a nuisance must be brought in the superior court; however, the provisions in question do not purport to authorize the bringing in justice court of actions to abate conditions which are fire hazards, and therefore nuisances, but merely set up an administrative procedure under which the existence of dangerous conditions can be ascertained and remedied. This procedure provides for notice to the person to be affected by any ruling issued by the

---

[2]Mr. Dutton's brief also suggests the City's administrative hearing process denied him due process. However, he only makes this claim as part of his jurisdictional challenge. In other words, he asserts he was denied due process because the building official and hearing examiner lacked jurisdiction. Given the nature of this claim, it does not merit an independent analysis.

bureau and gives him an opportunity to be heard . . . .

There can be no doubt that the city, in the exercise of its police power, may declare a nuisance, may abate the same without resort to the courts, and may impose fines upon parties who create, continue or suffer nuisances to exist.

*Id.*

Mr. Dutton's argument that the City's administrative procedure constituted an action for title or possession of his property also must fail because it rests on a mistaken premise. The City has not filed an action to take title or possession of Mr. Dutton's property. It has merely filed a lien to secure payment of fines imposed for Mr. Dutton's code violations. Such fines are specifically authorized by statute. RCW 35.22.280(30). We cannot discern any constitutional infirmity with this procedure.

Based on the foregoing, the superior court's order in this matter is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____          _____
Korsmo, J.                                                 Siddoway, J.

6