[No. 36402.   En Banc.   January 3, 1963.]

THE STATE OF WASHINGTON, *on the Relation of Hazel S. Bolen et al., Respondents,* v. THE CITY OF SEATTLE *et al., Appellants.*[*]

*A. C. Van Soelen* and *Arthur T. Lane,* for appellants.

*Smith Troy* and *Don Cary Smith,* for respondents.

The question here for decision is whether the statute, Laws of 1961, chapter 140, § 1, p. 1688, authorizing pensions to widows of police department members, both of whom were deceased before the effective date of the pension act, conflicts with the thirty-fifth amendment to the state constitution (Art. 2 § 25) which prohibits the grant of extra compensation to named public servants after the services have been performed. The trial court found no conflict and ordered the widows' pensions paid. This was error.

The statute, so far as material, is:

"Whenever any member of the police department of any such city shall die, or shall have heretofore died, or when-

[*]Reported in 377 P. (2d) 454.

ever any such member who has been heretofore retired or who is hereafter retired for length of service or a disability, shall have died, or shall die, leaving a surviving spouse or child or children under the age of eighteen years, upon satisfactory proof of such facts made to it, the board shall order and direct that a pension equal to one-third of the amount of salary at any time hereafter attached to the position held by such member in the police department at the time of his death or retirement, not to exceed one-third of the salary of captain, shall be paid to the surviving spouse during the surviving spouse's life . . ."

The thirty-fifth amendment to the state constitution is:

"The legislature shall never grant any extra compensation to any public officer, agent, employee, servant, or contractor, after the services shall have been rendered, or the contract entered into, nor shall the compensation of any public officer be increased or diminished during his term of office. Nothing in this section shall be deemed to prevent increases in pensions after such pensions shall have been granted."

The facts are undisputed.

The husband of respondent Hazel S. Bolen retired from the Seattle Police Department in 1956 after more than 30 years of service and thereafter received the statutory pension until his death in 1960, when appellant city paid his respondent widow the statutory award of $1,000 pursuant to RCW 41.20.090.[1]

The husband of respondent Hazel V. Kenyon died in 1954 while on active duty, and, consequently, never received a pension, but the city paid his respondent widow the statutory award of $1,000.

---

[1] "Whenever any member of the police department of such city shall, after five years of service in said department, die, his surviving spouse or, if there is no surviving spouse, the child or children under the age of eighteen years, or if there is no surviving spouse or child or children, then his parents or unmarried sister or sisters, minor brother or brothers, dependent upon him for support, shall be entitled to the sum of one thousand dollars from such fund. This section to apply to members who shall have been retired, for any reason, from active service under the provisions of this chapter."

■ Neither respondent had any right to a pension at the time of death of her husband and none has been paid. The lump sum statutory award of $1,000 is not a pension. There was no statutory scheme for a pension until the effective date of the statute which was June 8, 1961. A pension is deferred compensation for services rendered. *Bakenhus v. Seattle,* 48 Wn. (2d) 695, 296 P. (2d) 536.

■ While the constitution as amended authorizes legislation increasing existing pensions, it does not authorize the legislature to grant a widow a pension when there was no right thereto at the time of the death of the husband. The respondents were widows when the statute was enacted, at which time they had no pension rights. A subsequent act granting a pension to such a class is not an increase of an existing one.

The wisdom of legislation is not justiciable. The court's power is to ascertain only the validity of legislative enactments. The social and economic desirability of the statute in question cannot be gainsaid, but it is in headlong conflict with the thirty-fifth amendment to the state constitution and is void.

The judgment is reversed.

FINLEY, C. J., HILL, DONWORTH, WEAVER, ROSELLINI, OTT, HUNTER, and HAMILTON, JJ.—The foregoing opinion had been prepared by Judge Harry Ellsworth Foster, but it was not filed before his death. The following surviving members of the court have adopted it as their opinion, and, for the reasons therein assigned, reverse the judgment of the trial court.

March 4, 1963. Petition for rehearing denied.