[No. 38364.    En Banc.    November 9, 1967.]

THE STATE OF WASHINGTON, *on the Relation of Wilmer Rhodes, Appellant,* v. GRANT K. COOK, *Respondent.**

*Reported in 433 P.2d 677.

*Niemeier & Hamilton, E. A. Niemeier, Kean, Haessler, Bauman & Harper,* and *Frank A. Bauman (Donald H. Pearlman,* of counsel), for appellant.

*Robert E. Schillberg* and *Gerald R. Gates,* for respondent.

FINLEY, C. J.—Appellant, petitioner below, purchased a single-family dwelling and moved it to his lot in Everett. He intended to rent the house, and in preparing it for rental found it necessary to do some plumbing work therein. He applied for a permit to do the plumbing, intending to purchase the materials and do the work himself. Appellant is not a certified plumbing contractor, and made no application for such certification. The permit was denied because the plumbing he intended to do was not in a house occupied or designed to be occupied by him.

Snohomish County has adopted the Uniform Plumbing Code, 1961 Edition, promulgated by the Western Plumbing Officials Association. The preamble to this code states that it is:

> An ordinance providing for the protection of the public health and safety, and the qualification and registration of persons engaged in the business of plumbing, or laboring at the trade of plumbing; requiring a permit and inspection for the installation or alteration of plumbing and drainage systems . . . .

Section 1.8 of said code provides that no plumbing work shall be commenced in any building without a permit. The challenged portion of the code, section 1.10, provides that no permit shall be issued for any plumbing or drainage work regulated by the code except to a person holding a valid, unexpired and unrevoked plumbing contractor's certificate of qualification.

However, subsection (c) to said section 1.10 contains an exception to the certification requirement under six conditions:

> (1) When the person desires to do plumbing or drainage work in a single family dwelling;

(2) When such dwelling is to be used exclusively for living purposes;

(3) When the person who will do the work is the bona fide owner of the dwelling;

(4) When the dwelling is occupied or designed to be occupied by said owner;

(5) Provided that said owner shall personally purchase all material; and

(6) Provided that such owner shall personally perform all labor in connection therewith.

The code also sets out detailed requirements for materials to be used, and for inspection and testing of all work before it is covered or hidden from view. The person doing the work is required to notify the board of plumbing inspectors when the work is ready to be inspected, and the work must meet the minimum standards set out by the code before approval will be given.

Appellant petitioned the trial court for a writ of mandamus, requiring respondent to issue a plumbing permit to appellant. His affidavit in support of his application for the writ stated that appellant was willing to comply with the standards for plumbing set out in the code, and to have his work inspected according to the code.

Appellant contends that since he intends to comply with the code standards, the requirement that nonresident homeowners be licensed to do plumbing on their own premises is not reasonably related to the public health, and therefore unduly restricts his lawful activities upon private property, in violation of the due process provisions of the Washington State Constitution, article 1, section 3, and in violation of the fourteenth amendment to the United States Constitution. Appellant contends also that the classification set out in section 1.10 (c) between resident homeowners and nonresident homeowners with regard to the requirement for certification is arbitrary and unreasonable, in that it is not designed to protect the public health and safety, and therefore deprives him of equal protection of the laws, in violation of article 1, section 12 of the Washington State Constitution, and in violation of the fourteenth amendment to the United States Constitution.

## Due Process

The trial court, dismissing appellant's application for writ of mandamus, held that section 1.10 of the plumbing code does not violate state or federal constitutional due process standards.

Here on appeal, we must determine whether requiring certification or licensing of persons who desire to do plumbing work on residences which they own but do not intend to occupy, is reasonably related to the public health and safety, considering the detailed requirements set down in the plumbing code, and considering appellant's avowed intention to follow these requirements.

■■ It has been long established that the police power extends to protection of the public health and safety, *Tacoma v. Fox,* 158 Wash. 325, 290 Pac. 1010 (1930), and that regulation of plumbing in the interest of health and safety is a valid exercise of the police power. *Spokane v. Latham,* 181 Wash. 161, 42 P.2d 427 (1935). Whether the facts of a particular case justify assertion of the police power is a question for the courts. *Bowes v. Aberdeen,* 58 Wash. 535, 109 Pac. 369 (1910); *Spokane v. Latham, supra.* There is a presumption that facts justifying a regulation exist if such facts reasonably can be presumed. The test when lawful activity upon private property is involved has been said to be more stringent, however. This court stated in *Seattle v. Ford,* 144 Wash. 107, 257 Pac. 243 (1927), that where private rights exist the courts should review the legislative action and determine whether the legislative body has imposed unnecessary restrictions upon a lawful occupation or a lawful right. In *Brown v. Seattle,* 150 Wash. 203, 210, 272 Pac. 517 (1928), we quoted briefly from *Seattle v. Ford, supra* as follows:

> "The courts will go far in sustaining the exercise of the police power for the preservation of the public health and safety, and in so doing private rights in conflict therewith are overriden; but on the other hand, the courts are equally concerned to see that, under the guise of protecting the public, private business—especially that

carried on upon private property—is not arbitrarily restricted . . . .

■ We conclude that the requirement in section 1.10 for certification of nonresident homeowners is part of the total enforcement scheme of the code, and as such is reasonably related to the public health and safety. Such requirement is a valid exercise of the police power, and is not a violation of federal or state due process standards.

This conclusion is based upon the reasoning that a property owner who does plumbing for others, *i.e.* for prospective tenants or purchasers of his property, has a similar impact upon the public to a commercial plumber. He is to some extent carrying on a commercial activity since plumbing is an integral part of the property he intends to rent or sell.

Appellant concedes that licensing of commercial plumbers is reasonably related to the public health and safety. Likewise, it must be conceded that one who does any amount of plumbing for others than himself and his immediate family, although it be more limited than that done by commercial plumbers, is in a position similar to commercial plumbers, and can be required to be certified as to requisite skills.

Although one who does plumbing in a residence which he intends to rent or sell is subject to the laws of landlord-tenant, or of contract, such laws are not designed to protect the public health and safety. Nor are such laws adequate for this purpose.

Testimony at trial indicated that some plumbing defects are extremely difficult to detect, even under the detailed inspection required by the plumbing code, and that the plumbing inspectors rely to some extent upon the skill and care of commercial plumbers. Licensed plumbers generally do better work than do nonlicensed plumbers. It is, therefore, reasonable to limit noncertified work, and even though all work must be inspected, there is a legitimate reason for the certification requirement set out in section 1.10.

We cannot say that there is no reasonable relation to public health and safety in the requirement that nonresident homeowners be licensed to do plumbing for others; nor can we say that appellant has been arbitrarily deprived of a lawful right.

It is reasonable to assume that the county, when adopting the plumbing code, had such considerations in mind when it limited the right of homeowners to plumb their own premises. Obviously the impact to the public health and safety increases with the number of homeowners who might wish to plumb their premises for rental or sale, and with the number of such premises.

## Equal Protection

■ The state and federal constitutional provisions for equal protection of the laws require that class legislation must apply alike to all persons within a class, and that reasonable grounds for the distinction must exist between those within and those without a designated class. *Clark v. Dwyer,* 56 Wn.2d 425, 353 P.2d 941 (1960).

We conclude that the trial court was correct in finding no violation of equal protection of the laws in this case.

We said in *Clark v. Dwyer, supra,* at 431:

Where possible, it will be presumed that the legislature has affirmatively determined any special facts requisite to the validity of the enactment, even though no legislative finding of fact appears in the statute. *State ex rel. Collier v. Yelle,* 9 Wn. (2d) 317, 333, 115 P. (2d) 373.

■ Since it is reasonable to assume that homeowners who do plumbing work for themselves and their immediate families in residences in which they reside or intend to reside, will tend to perform the work more carefully than would those who do plumbing work for strangers, it is reasonable to require certification of the latter class while not requiring certification of the former class. The public health and safety may adequately be protected in the first case by the inherent concern one has for his own welfare and that of his immediate family. This immediate concern

may not be present when strangers are to use the premises, and therefore there is no adequate substitute for the certification requirement. We find a logical connection between the object of the legisaltion, *i.e.*, the protection of the public health and safety, and the requirement that one must intend to live in a residence himself if he is to be issued a permit to do plumbing work without first being examined as to requisite skill and certified as a plumbing contractor.

Appellant's most telling argument is that since in any event all work must be inspected and must meet the minimum standards set out by the plumbing code, it does not matter who does the work. Appellant concedes, of course, that such reasoning does not apply to commercial plumbers who hold themselves out for hire. The additional requirement that such plumbers be licensed after passing an examination for requisite skill is reasonably related to the public health and safety.

We hold that the additional licensing requirement for nonresident homeowners who desire to do plumbing work for members of the public other than themselves and their immediate families is also reasonably related to the public health and safety.

The judgment of the trial court is affirmed.

Donworth, Hunter, Hamilton, Hale, and Neill, JJ., concur.

Weaver, J. (dissenting)—I dissent for I believe that a portion of section 1.10(c)[1] of the Uniform Plumbing Code, 1961 Edition, promulgated by the Western Plumbing Officials Association and adopted by Snohomish County, violates the equal protection clause of our state constitution, article

---

[1] (c) Any permit required by this code may be issued to any person to do any plumbing or drainage work regulated by this code in a single family dwelling used exclusively for living purposes, including the usual accessory buildings and quarters in connection with such buildings in the event that any such person is the bona fide owner of any such dwelling and accessory buildings and quarters, and that the same are occupied by or designed to be occupied by said owner, provided, that said owner shall personally purchase all material and shall personally perform all labor in connection therewith.

1, section 12, and the due process provision of article 1, section 3, as well as the fourteenth amendment to the United States Constitution.

Class legislation must apply alike to all persons within a class, and *reasonable grounds* must exist for making a distinction between those within, and those without, a designated class. *Clark v. Dwyer,* 56 Wn.2d 425, 435, 353 P.2d 941 (1960).

Under the police power exercised for the protection of the public health and safety five of the six conditions for the issuance of a plumbing permit to one not a licensed plumber are reasonable grounds defining a permissible class. The conditions are: (1) the plumbing must be done in a single family dwelling; (2) the dwelling must be used exclusively for living purposes; (3) the person doing the work must be the bona fide owner thereof; (4) the owner must *personally* purchase all materials and (5) *personally* perform all labor in connection therewith. The work done by one within the class is subject to the strict standards of the plumbing code.

The sixth condition for the issuance of a plumbing permit to one not a licensed plumber—"that the same [premises] are occupied by or designed to be occupied by said owner" —is an alien among the other conditions. It does not, to my mind, meet the test that there must be some logical connection between the object sought to be accomplished by the legislation and the means prescribed to achieve it. *Brown v. Seattle,* 150 Wash. 203, 211, 272 Pac. 517 (1928); *Seattle v. Ford,* 144 Wash. 107, 110-11, 257 Pac. 243 (1927); *Spokane v. Latham,* 181 Wash. 161, 164, 42 P.2d 427 (1935); *State v. Spino,* 61 Wn.2d 246, 377 P.2d 868 (1963).

The trial court based its conclusion, in the main, upon a finding that the condition under attack

prevents subterfuge and provides protection from a person taking ownership of property for the purpose of being able to plumb it himself without having to meet the licensing requirements of the Code for persons doing plumbing for others, . . . .

It should be observed that the ordinance contains no requirement that a resident owner continue to live in his house for any particular length of time. An owner may obtain a permit, do his plumbing work in compliance with the code, live in the house for a time, be it ever so short, and then sell or lease it to others. In no material respect would such an owner differ from one who, from the beginning, plans to rent his house to others and who personally performs identical work with full code compliance. In each case there is the possibility of evasion of the law insofar as bona fide ownership is concerned. In each case the public health and safety is protected by exacting full compliance with code requirements. I fail to see that the requirement that the owner live in the house, or intend to live in it, has any logical bearing on whether the work will pass inspection, nor will the requirement prevent attempted evasion of bona fide ownership. Neither does residency have any logical connection with the object sought to be accomplished by the ordinance—the protection of public health and safety.

The majority opinion does not adopt the trial court's rationale; its main thrust is that the requirement of residency will result in a more careful and professional job of plumbing. The conclusion does not follow. All of the evidence indicates that the plumbing inspector can insure compliance with the technical requirements of the code, whether the work be done by a resident or a nonresident. When these requirements have been met and approved, there is no threat to public health and safety.

Some concern has been expressed that if appellant, as the owner, is issued a permit to plumb his house without a plumber's license, it will be necessary to permit a person who owns two or more houses, or who is a "speculative builder of single dwelling homes," to do likewise.

Although this question is not before us in the instant case, it is my present thinking—dicta that binds no one—that this conclusion does not follow. A permit might be refused, not upon the basis of nonresidency, but because

the owner is "engaged in the business of plumbing or laboring at the trade of plumbing" as described in the preamble of the code (quoted in the majority opinion). The owner's work would, in these circumstances, have an impact upon the public similar to that of a licensed plumber. The owner would then be engaged in a commercial activity that requires a plumber's license for the protection of the public health and safety, but these are not the facts before us.

I would hold that the requirement of section 1.10(c) of the Uniform Plumbing Code of Snohomish County that an owner of a single family dwelling occupy or intend to occupy the dwelling in order to obtain a permit to do plumbing or drainage work upon it is arbitrary and violates Const. art. 1, § 3 and § 12, and the due process clause of the United States Constitution, amendment 14. I would reverse the judgment with direction to issue the writ of mandate.

HILL and ROSELLINI, JJ., concur with WEAVER, J.

---

January 3, 1968. Petition for rehearing denied.