[No. 41332. En Banc. February 18, 1971.]

ROBERT HASS, *Appellant,* v. THE CITY OF KIRKLAND, *Respondent.*\*

*Reported in 481 P.2d 9.

*Cole & Nelson*, by *Richard C. Nelson*, for appellant.

*Ralph I. Thomas*, for respondent.

WRIGHT, J.—The appellant, Robert Hass, the owner of lakefront property, is seeking a writ of mandamus to compel the respondent, City of Kirkland, to issue a building permit for a 34-unit apartment building. The respondent has refused to issue the permit on the grounds that the proposed structure would violate section 6.4, chapter 6, of ordinance No. 1140 of the city of Kirkland. This section was originally enacted by the Kirkland city council on March 7, 1966, as ordinance No. 1028 and reads as follows:

> An ordinance of the City of Kirkland relating to fire protection and prevention, and prescribing regulations governing conditions hazardous to life and property from fire, and amending and supplementing ordinance No. 953, the Kirkland fire prevention code, by adding thereto a new section 28.13.
>
> . . .
>
> *Section 1:* Ordinance No. 953 and the Fire Prevention Code thereby adopted are hereby amended and supplemented by the addition of a new section to be known as Section 28.13 to read as follows:
>
> *Section 28.13.* No portion of any building or other

structure supported by piers or piling and extending over water shall be more than 250 feet from an improved public street or alley giving access thereto for fire engines and other fire fighting apparatus and equipment.

In December of 1965, the appellant commenced correspondence with the respondent regarding the construction of a 34-unit apartment building originating on dry land and extending out over Lake Washington. The portion of the building extending over the water was to be constructed on a pier supported by pilings.

On March 7, 1966, the respondent adopted the land use classification to be known as R3-W, which would not apply to the appellant's proposed apartment if he filed his application for a building permit prior to the effective date of the R3-W classification. *Ogden v. Bellevue*, 45 Wn.2d 492, 275 P.2d 899 (1954); *Hull v. Hunt*, 53 Wn.2d 125, 331 P.2d 856 (1958). This the appellant did. However, on the same day the R3-W classification was adopted, ordinance No. 1028 was adopted as a fire protection ordinance. Ordinance No. 1028 took effect prior to appellant's application for a building permit. Appellant contends that this was an invalid attempt to destroy his vested right to a building permit. However, ordinance No. 1028 did take effect before the building permit had been applied for and ordinance No. 1140 is now in existence with the same limitation.

█ Even if, arguendo, the appellant had a vested right to a building permit, this right would have been extinguished through the exercise of the respondent's police power in enacting ordinance No. 1140. We held in *Seattle v. Hinckley*, 40 Wash. 468, 471, 82 P. 747 (1905) that:

[T]here is no merit in the contention that the respondent had any inherent or vested right because he had complied with the law existing at the time he built. There is no such thing as an inherent or vested right to imperil the health or impair the safety of the community. But to be protected against such impairment or imperilment is the universally recognized right of the community and all civilized governments—a protection which the government not only has a right to vouchsafe to the citizens, but which it is its

duty to extend in the exercise of its police power. . . . Conditions in cities in relation to buildings are constantly changing.

■ Municipalities derive their authority to enact ordinances in furtherance of the public health, safety, morals, and welfare from Const. art. 11, § 11, which provides:

Any county, city, town or township may make and enforce within its limits all such local police, sanitary and other regulations as are not in conflict with general laws.

Of this constitutional grant of authority, we, in *Detamore v. Hindley*, 83 Wash. 322, 326, 145 P. 462 (1915), said:

This is a direct delegation of the police power as ample within its limits as that possessed by the legislature itself. It requires no legislative sanction for its exercise so long as the subject-matter is local, and the regulation reasonable and consistent with the general laws.

■ It is well settled that the enactment of reasonable ordinances regarding the protection of the lives and safety of persons, as well as the protection of property against fire, is within the police power of a municipality. *Everett v. Unsworth*, 54 Wn.2d 760, 344 P.2d 728 (1959); 7 McQuillin, *Municipal Corporations* § 24.457, 446-447 (1968 ed.). Kirkland, Washington is a third class city and under RCW 35.24.290 shall have the power:

(14) To establish fire limits, with proper regulations;

. . .

(18) To make all such ordinances, bylaws, rules, regulations and resolutions, not inconsistent with the Constitution and laws of the state of Washington, as may be deemed expedient to maintain the peace, good government and welfare of the corporation . . . to do and perform any and all other acts and things necessary or proper to carry out the provisions of this chapter, and to enact and enforce within the limits of such city all other local, police, sanitary and other regulations as do not conflict with general laws; . . .

■■ The appellant contends the 250-foot restriction contained in city of Kirkland ordinance No. 1140 is not reasonably related to fire protection, and therefore, constitutes an unreasonable burden upon appellant's right to use

his land. Appellant argues the arbitrary and capricious aspect of ordinance No. 1140 is the point from which the 250-foot restriction is measured, "from an improved public street or alley," and that he has provided equal or better fire access and hydrants than required by ordinance No. 1140. However, the choice of establishing one requirement rather than some other alternative, is within the province of the legislative authority. *Seattle v. Hill*, 72 Wn.2d 786, 435 P.2d 692 (1967); *State ex rel. Bolen v. Seattle*, 61 Wn.2d 196, 377 P.2d 454 (1963). Since any ordinance regularly enacted is presumed to be constitutional and valid, *Spokane v. Carlson*, 73 Wn.2d 76, 436 P.2d 454 (1968); *Petstel, Inc. v. King County*, 77 Wn.2d 144, 459 P.2d 937 (1969), the burden of proving unreasonableness is upon the appellant. This burden has not been met.

In the instant case, the stated intent of the respondent was to provide waterfront residents with fire protection by limiting construction to 250 feet from an abutting street or alley. Such is a reasonable exercise of the respondent's police power.

█ The test to be applied in determining the reasonableness in the exercise of police power is clearly set forth in *Petstel, Inc. v. King County, supra*:

First, any legislation under the police power must be reasonably necessary in the interest of the public health, safety, morals, and the general welfare. *E.g., Reesman v. State*, 74 W.D.2d 650, 445 P.2d 1004 (1968); *State v. Spino*, [61 Wn.2d 246, 377 P.2d 868 (1963)]; *Clark v. Dwyer*, 56 Wn.2d 425, 353 P.2d 941 (1960); *Remington Arms Co. v. Skaggs*, [55 Wn.2d 1, 345 P.2d 1085 (1959)]. In applying this test, courts utilize the presumption mentioned earlier —if a state of facts justifying the legislation can be conceived to exist, the existence of these facts will be presumed. This presumption severely limits judicial review at this stage, because in order to fail this first test there must be no reasonably conceivable state of facts creating a public need for regulation.

The second general test requires that even though the activity in question be subject to police power regulation, the legislation must be substantially related to the evil sought to be cured. (This evil may have been presumed

934

under the first test; so that discussions of these two tests in opinions are usually interrelated.) *See e.g., State ex rel. Rhodes v. Cook*, 72 Wn.2d 436, 433 P.2d 677 (1967); *Treffry v. Taylor*, 67 Wn.2d 487, 408 P.2d 269 (1965).

The third test is really an offshoot of the second with some equal protection overtones. It requires that the classes of businesses, products or persons regulated, or the various classes established within the legislation be reasonably related to the legitimate object of the legislation. *See County of Spokane v. Valu-Mart, Inc.*, 69 Wn.2d 712, 419 P.2d 993 (1966).

In applying this test, we find that ordinances No. 1028 and No. 1140 being reasonably related to fire protection are valid.

The judgment is affirmed.

ALL CONCUR.