[No. 44591. En Banc. May 12, 1977.]

WILLIAM L. COURTRIGHT, *Respondent*, v. SAHLBERG
EQUIPMENT, INC., ET AL, *Defendants*, THE
DEPARTMENT OF LABOR AND INDUS-
TRIES, *Appellant*.

*Slade Gorton, Attorney General,* and *Gomer L. Cannon,
Assistant,* for appellant.

*Kirk R. Wines* and *Benson, Chadwick, Stege & Wines,* for respondent.

HOROWITZ, J.—Appellant, Department of Labor and Industries, appeals a Superior Court judgment setting its lien against respondent's, William L. Courtright's, third–party recovery at $8,260.39 rather than $16,520.77. The Court of Appeals, Division One, certified the case to this court pursuant to RCW 2.06.030(d).

Respondent injured his right ankle when he fell onto the "rotating gutter broom" of a street sweeper he was repairing. The accident occurred in the maintenance shop of the City of Lynnwood, where respondent was employed at the time. Respondent submitted a claim for compensation to appellant and received $16,520.77 in benefits.

He also brought a third–party action against the manufacturer and distributor of the sweeper in tort based on defective design. At a settlement conference, the trial judge predicted a jury would find about $50,000 damages reduced to $25,000 by respondent's comparative negligence. Defendants settled for $25,000. Pursuant to respondent's motion, the trial court's order set the lien of appellant against respondent's settlement recovery at $8,260.39, allowing respondent to deduct attorney fees of $2,753.46 and costs of $1,102.10. It is from this order appellant appeals.

The rights of both parties are governed by RCW 51.24-.010. That statute reads, in part:

> If the injury to a workman is due to negligence or wrong of another not in the same employ, the injured workman or, if death results from the injury, the surviving spouse, children, or dependents, as the case may be, shall elect whether to take under this title or seek a remedy against such other, such election to be in advance of any suit under this section and, if he takes under this title, the cause of action against such other shall be assigned to the department or self–insurer; if the other choice is made, the department or self–insurer shall contribute only the deficiency, if any, between the amount of

recovery against such third person actually collected and the compensation provided or estimated by this title for such case: *Provided,* That the injured workman or if death results from the injury, the surviving spouse, children or dependents as the case may be, electing to seek a remedy against such other person, shall receive benefits payable under this title as if such election had not been made, and the department or self–insurer to the extent of such payments having been made by the department or self–insurer to the injured workman or if death results from the injury, the surviving spouse, children or dependents as the case may be shall be subrogated to the rights of such person or persons against the recovery had from such third party and shall have a lien thereupon.

The issue raised is whether the department is unable to recover its full $16,520.77 payment to respondent because respondent's settlement recovery was reduced under the comparative negligence law (RCW 4.22.010) by respondent's alleged negligence.

■ A reading of the statute quoted makes it clear the department contributes compensation only if there is a deficiency between the third–party recovery and the workmen's compensation benefits. There is no deficiency here, because the third–party settlement was over $8,000 more than the compensation benefits; keeping any of the compensation benefits therefore would amount to a double recovery. The plain language of RCW 51.24.010 states the lien should be to the extent of the payments made by the department, $16,520.77 in the instant case. The Department of Labor and Industries is not subrogated to the workman's rights against the third party but against the "recovery had from such third party." RCW 51.24.010. The intent of RCW 51.24.010 is to insure that a workman will secure at least his full compensation benefits even if he pursues a third–party claim. He must repay those benefits, however, if his recovery equals or exceeds the amount of benefits payable.

Respondent contends that, because his damages were reduced to 50 percent of his true damages by comparative

negligence, the Department of Labor and Industries should get back only 50 percent of its payments. To support this contention respondent argues the subrogation in the statute should be equitably applied, and equitable application requires the department be subject to the same limitation of recovery to which the respondent workman is subject. The argument assumes that the subrogation referred to is subrogation to the workman's cause of action against the third person. That is not the case. The department is subrogated to the rights of the workman against the third person only if the workman does not sue the third person and merely accepts benefits under the act. In this situation, the statute provides for assignment of the workman's cause of action to the department.

If, on the other hand, the workman does sue the third party, RCW 51.24.010 provides for subrogation of a different nature. The department is "subrogated to the rights of such person or persons against the recovery had from such third party and shall have a lien thereupon." This language prevents the statute from being construed as respondent desires. It spells out the rights of the department and gives no indication the department is entitled to any less rights than those set forth in the statute.

Were we to hold otherwise, we would have to conclude the comparative negligence statute (RCW 4.22.010) impliedly modified RCW 51.24.010 in a manner to produce the result urged by respondent. There is no evidence the legislature, in enacting the comparative negligence statute, intended to regulate any rights other than those between the injured person and the third party. There is no evidence it intended at the same time to diminish the department's rights under the industrial insurance act after those rights had been so clearly spelled out for so many years by

RCW 51.24.010. *See* Laws of 1957, ch. 70, § 23, p. 279. If the legislature intended the result contended for by respondent, it should have spelled out its intention in express language. This it did not do.

A somewhat similar contention was made in *Boswell v. Terrace Navigation Corp.*, 384 F.2d 186 (5th Cir. 1967). In that case a workman's third–party recovery had been reduced by 50 percent because of the workman's 50 percent comparative negligence. It was contended that he should be required to pay only 50 percent of the compensation he received. The court held the compensation insurer was entitled to full reimbursement from the workman's excess third–party recovery, stating:

> Boswell bemoans the District Court's order that the intervenor be paid 100% of its disbursements out of his recovery while the recovery awarded to him was only 50% of his actual damages. Sympathetic as we might be to his plaint, the District Court's ruling accords with Haynes v. Rederi A/S Aladdin, 5 Cir. 1966, 362 F.2d 345, 350.

*Boswell v. Terrace Navigation Corp., supra* at 188. *See generally* 2A A. Larson, *The Law of Workmen's Compensation* § 71.20 (1976).

■ It might very well be that it would be wiser to provide by legislation for the result contended for by respondent workman. We may not, however, under the guise of construction substitute our view for that of the legislature. *Anderson v. Seattle,* 78 Wn.2d 201, 202, 471 P.2d 87 (1970); *State ex rel. Bolen v. Seattle,* 61 Wn.2d 196, 198, 377 P.2d 454 (1963). We are not a super legislature.

We reverse with directions to increase the lien on the settlement proceeds to $16,520.77, less attorney fees and costs in the respective sums of $5,506.92 and $2,204.19. These sums, the parties agree, should be the deductions in

546

the event the department is held to be entitled to recover its full outlay.

Wright, C.J., and Rosellini, Hamilton, Stafford, Utter, Brachtenbach, Dolliver, and Hicks, JJ., concur.