[No. 50495–4.  En Banc.  August 30, 1984.]

JOHN H. RHOAD, *Individually and as Personal Representative, Appellant,* v. McLEAN TRUCKING COMPANY, INC., ET AL, *Defendants,* THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*

*Ripley & Wolfley, P.S.,* and *Theadore E. Ripley,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Charles R. Bush, Assistant,* for respondent.

PEARSON, J.—The issue in this case is whether the Department of Labor and Industries can be compelled, under former RCW 51.24.060, to pay a proportionate share of the attorney fees and costs incurred in a third party action brought under the former third party chapter of the workers' compensation act. We hold that it cannot.

Appellant John Rhoad is the surviving spouse of Louise Rhoad, who died during the course of her employment on May 31, 1979. Appellant filed for workmen's compensation benefits from the Department of Labor and Industries soon

thereafter and was placed on the pension rolls.

Because Louise Rhoad's death was due to the "negligence or wrong of a third person not in the same employ", appellant elected to pursue his statutorily preserved third party cause of action. RCW 51.24.030. The action was settled prior to trial for $140,000. The Department approved the settlement. Attorney fees of $46,667.67 and costs of $2,232.35 were incurred in obtaining the recovery.

At the time of the recovery, appellant had received a total of $15,581.43 of benefits from the Department. As a result of the recovery, the Department requested that it be repaid the $15,581.43. Former RCW 51.24.060(1)(c). The Department also suspended appellant's pension payments as provided in former RCW 51.24.060(1)(e).

On June 12, 1981, appellant filed a motion for apportionment of attorney fees and costs incurred in his third party action. The Department intervened and responded. The trial court denied appellant's motion on December 29, 1981, ruling that apportionment of fees and costs was not required under former RCW 51.24.060. This appeal followed.

I

RCW 51.24 is the chapter of the workers' compensation act which covers workers' actions against third parties. RCW 51.24.030 allows such suits; RCW 51.24.060 prescribes the manner in which any award or settlement from such a suit is to be distributed.

It is clear that under the recent 1983 amendments to RCW 51.24.060, the Department is required to bear a proportionate share of the fees and costs incurred in obtaining such a recovery. Laws of 1983, ch. 211, § 2, p. 1150. Those amendments, however, apply only to those actions against third persons in which judgment or settlement of the underlying action did not take place prior to July 24, 1983. Laws of 1983, ch. 211, § 3, p. 1151. Thus, the 1983 amendments to RCW 51.24.060 do not affect our disposition of this case.

The distribution formula to be applied in this case is that set out in former RCW 51.24.060, as enacted in 1977. Former RCW 51.24.060 provided:

(1) In an action by the injured worker or beneficiary against the third person, any award or settlement shall be distributed as follows:

(a) The costs and reasonable attorneys' fees shall be paid;

(b) The injured worker or beneficiary shall be paid twenty–five percent of the balance of the award: *Provided,* That in the event of a compromise and settlement by the parties, the injured worker or beneficiary may agree to a sum less than twenty–five percent;

(c) The department or self–insurer shall be paid the balance of the award, but only to the extent necessary to reimburse the department or self–insurer for compensation or benefits paid;

(d) Any remaining balance shall be paid to the injured worker or beneficiary;

(e) Thereafter no payment shall be made to or on behalf of a worker or beneficiary by the department or self–insurer for such injury until the amount of any further compensation or benefits shall equal any such remaining balance. Thereafter, such benefits shall be paid by the department or self–insurer to or on behalf of the worker or beneficiary as though no third party person claim had been made.

(2) The award or settlement shall be subject to a lien by the department or self–insurer for its share under this section.

Appellant contends that the Department of Labor and Industries is required, under the above statute, to bear a proportionate share of the attorney fees and costs incurred by him in obtaining a recovery from a third party tortfeasor. The Department, on the other hand, contends that it should be reimbursed for all compensation and benefits it has paid to appellant and that it should not be held responsible for any attorney fees or costs incurred by appellant in his third party action.

## A

The language of former RCW 51.24.060 supports

the Department's position. The statute makes no mention whatsoever of any proportionate sharing of attorney fees or costs incurred by the worker. The deduction for such expenditures appears as a first charge against the third party recovery itself (former RCW 51.24.060(1)(a)), rather than a charge against the Department's distributive share of the third party recovery (former RCW 51.24.060(1)(c)). It is well settled that courts will neither read into a statute matters which are not there nor modify a statute by construction. *King Cy. v. Seattle,* 70 Wn.2d 988, 991, 425 P.2d 887 (1967). This court has stated:

> We are not unmindful of the rule that the workmen's compensation act shall be liberally construed in favor of its beneficiaries, but, where the language of the act is not ambiguous and exhibits a clear and reasonable meaning, there is no room for construction.

*Lowry v. Department of Labor & Indus.,* 21 Wn.2d 538, 542, 151 P.2d 822 (1944). Thus, we can only conclude from the language of former RCW 51.24.060 that the Department is not required to bear a proportionate share of attorney fees and costs incurred in appellant's third party litigation.

This conclusion is supported by the history of RCW 51.24. When the Legislature enacted former RCW 51.24.060 in 1977, it repealed the then–existing statute providing for a worker's right of action against a third party (former RCW 51.24.010). The pre–1977 statute provided, in pertinent part:

> In any action brought under this section wherein recovery is made . . ., *the amount to be repaid to the state of Washington as a result of said action shall bear its proportionate share of attorney's fees and costs incurred by the injured workman* . . . and the court shall approve the amount of attorney's fees.

(Italics ours.) Laws of 1961, ch. 274, § 7, p. 2243. This proportionate sharing language was omitted from the 1977 version of RCW 51.24. Whether we agree with appellant that this omission was inadvertent is unimportant. This

court may not read into a statute those things which it conceives the Legislature may have left out unintentionally. *Jepson v. Department of Labor & Indus.*, 89 Wn.2d 394, 403, 573 P.2d 10 (1977). "We must assume . . . that the Legislature intended to exclude the term and that it meant what it said." *Caplan v. Sullivan*, 37 Wn. App. 289, 292, 679 P.2d 949 (1984), citing *Jepson,* at 403. Furthermore, a change in legislative intent is presumed when a material change is made in a statute. *Strunk v. State Farm Mut. Auto. Ins. Co.,* 90 Wn.2d 210, 213–14, 580 P.2d 622 (1978).

The case of *Lee v. Risk Management, Inc.,* 409 So. 2d 1163 (Fla. Dist. Ct. App. 1982) is somewhat similar to the case at bench. That case arose after the Florida Legislature amended its statutes to provide that the compensation insurance carrier's lien was to be based upon the amount of the judgment after attorney fees and costs have been deducted. The revised statutes also deleted the prior express provision for apportionment of fees and expenses. The court held that this was clear evidence of a legislative intent to forbid apportionment.

## B

Appellant, no doubt aware of the difficulties presented him by the language of former RCW 51.24.060, bases his argument primarily upon considerations of equity. Relying on the "common fund" and "windfall profit" theories, he contends that it would be illogical and inequitable to allow the Department to reap the benefit of a third party action without bearing any of the costs.

Appellant's equitable arguments fail to take into consideration that the Department's right to reimbursement from the third party recovery, set out in RCW 51.24-.060(1)(c), is a *statutory* right. That right is enforceable as a statutory lien rather than an equitable subrogation interest (RCW 51.24.060(2)). "Equitable principles cannot be asserted to establish equitable relief in derogation of statutory mandates." *Department of Labor & Indus. v. Dillon,* 28 Wn. App. 853, 855, 626 P.2d 1004 (1981) (holding that

the Department's right to reimbursement under RCW 7.68.050, part of the victims of crimes compensation act, does not depend on whether or not the victim has recovered in full for his injuries). Thus, appellant's reliance on the "common fund" and "windfall profit" doctrines is misplaced. Indeed, the court in *Dillon* expressly refused to extend the "common fund" doctrine "to reach collection of a tort judgment upon which there is impressed a statutory lien." *Dillon,* at 858. Appellant's argument that the *Dillon* dispatch of the "common fund" doctrine conflicts with *Pena v. Thorington,* 23 Wn. App. 277, 595 P.2d 61 (1979) and *Richter, Wimberley & Ericson, P.S. v. Honore,* 29 Wn. App. 507, 628 P.2d 1311 (1980) is without merit. *Pena* and *Honore* do indicate that an insured can recover a pro rata share of attorney fees from its insurer for securing reimbursement to the insurer of its subrogation interest; however, both those cases dealt with a *subrogation* right rather than a *statutory compensation lien,* as is at issue here.

In *Courtright v. Sahlberg Equip., Inc.,* 88 Wn.2d 541, 563 P.2d 1257 (1977) (holding that the Department of Labor and Industries' lien on a workman's third party recovery applied directly to the recovery itself, and could not be reduced by the workman's comparative negligence), the court made an observation which is particularly appropriate to this case:

> It might very well be that it would be wiser to provide by legislation for the result contended for by [appellant]. We may not, however, under the guise of construction substitute our view for that of the legislature. . . . We are not a super legislature.

*Courtright,* at 545.

## C

Courts in other jurisdictions have taken varying approaches to the issue of whether an employer or workers' compensation insurance carrier may be charged with a proportionate share of the attorney fees and costs incurred by the beneficiary in third party litigation. The statutory provisions referred to by these courts fall into three general

classifications: (1) statutes containing an express direction that the attorney fees and costs incurred by the employee in the third party tort action be apportioned between the employee and employer or compensation insurance carrier; (2) statutes which provide for the deduction from the third party recovery fund of the attorney fees and costs incurred by the employee, but which do not expressly provide for apportionment (former RCW 51.24.060 falls into this classification); and (3) statutes which contain no express reference at all to the attorney fees and costs incurred in the third party litigation. *See* 2A A. Larson, *Workmen's Compensation* § 74.32 (1983). Case law from other jurisdictions is persuasive only if those jurisdictions have a similar statutory scheme to former RCW 51.24.060.

Courts construing statutes similar to former RCW 51.24-.060 generally have held that an employee may not recover a pro rata share of the attorney fees and costs incurred in third party litigation. *See Liberty Mut. Ins. Co. v. Western Cas. & Sur. Co.,* 111 Ariz. 259, 527 P.2d 1091 (1974); *Litton Sys., Inc. v. Murphree,* 301 So. 2d 850 (Miss. 1974); *Burt v. Hartford Accident & Indem. Co.,* 252 Ark. 1236, 483 S.W.2d 218 (1972); *Commercial Union Ins. Co. v. Baio,* 389 A.2d 271 (Del. Super. Ct. 1978), *rev'd on other grounds, Baio v. Commercial Union Ins. Co.,* 410 A.2d 502 (Del. 1979).

There are, however, at least two jurisdictions with statutory schemes similar to former RCW 51.24.060 which do apportion the fees and costs incurred by an employee in obtaining an award or settlement from a third party. *See Cooper v. Argonaut Ins. Cos.,* 556 P.2d 525 (Alaska 1976); *Quinn v. State,* 15 Cal. 3d 162, 539 P.2d 761, 124 Cal. Rptr. 1 (1975). In *Cooper,* the court held that failure to apportion the employee's attorney fees and costs would unjustly enrich the insurance carrier. In *Quinn,* the court relied on the "common fund" doctrine. The *Quinn* court also relied on statutory language incorporating the historical equity practice of apportioning such litigation expenses. *Quinn,* at 168–69. The Department appropriately distinguishes *Quinn*

on this ground, and points out that both *Quinn* and *Cooper* are contrary to the rule in this state that a statutory right to reimbursement is not to be diminished absent an express statutory provision. *See Department of Labor & Indus. v. Dillon,* 28 Wn. App. 853, 855, 626 P.2d 1004 (1981).

In sum, we hold that former RCW 51.24.060 does not require the Department to pay a proportionate share of the attorney fees and costs incurred by appellant. The plain language of the statute makes such fees and costs a first charge on the third party recovery fund itself, rather than a charge on the Department's share of that fund. No mention at all is made of an apportionment of fees; this is significant in light of the fact that the statute's predecessor *did* provide for such an apportionment, and the latest statute which authorizes apportionment was specifically not made retroactive. Moreover, the Department's statutory compensation lien may not be reduced absent an express statutory provision; the equitable principles on which appellant relied are applicable only in the context of an equitable subrogation right.

## II

Appellant contends that the equal protection provisions of U.S. Const. amend. 14, § 1 and Const. art. 1, § 12 require the apportionment of attorney fees and costs under former RCW 51.24.060. He argues that the statute creates two different classes of beneficiaries (himself and the Department) who are entitled to share the proceeds of a recovery from a third party tortfeasor; yet, only one of those classes (appellant) bears the burden of the fees and costs incurred in obtaining that recovery.

■■ When a statute provides that one class is to receive different treatment from another, equal protection requires that: (1) the legislation must apply alike to all persons within the designated class; and (2) reasonable ground must exist for making a distinction between those who fall within the class and those who do not. *Jenkins v. State,* 85 Wn.2d 883, 889, 540 P.2d 1363 (1975). The first of

these requirements has been met by former RCW 51.24-.060; all injured workers who recover from third parties are treated alike because none of them may require from the Department a proportionate share of the fees and costs incurred.

Moreover, appellant has failed to demonstrate that no reasonable ground exists for distinguishing between himself and the Department with respect to who bears the burden of fees and costs incurred in third party litigation. First, the decision to bring a third party suit was appellant's, not the Department's. Second, the Department's share of the recovery fund is limited in a way that appellant's share is not; the Department may recover only what it has already paid out in benefits. In short, appellant and the Department are not so similarly situated as to require identical treatment. Thus, former RCW 51.24.060 does not violate equal protection.

The trial court's denial of appellant's motion to compel the Department to pay a proportionate share of attorney fees and costs incurred in appellant's third party action is affirmed.

WILLIAMS, C.J., ROSELLINI, UTTER, BRACHTENBACH, DOLLIVER, DORE, and DIMMICK, JJ., and CUNNINGHAM, J. Pro Tem., concur.