[No. 8211–3–III. Division Three. June 16, 1987.]

HAROLD R. JONES, *Respondent,* v. THE FIREMEN'S
RELIEF AND PENSION BOARD OF THE CITY OF
RICHLAND, *Appellant.*

*Robert G. Swisher* and *Gladstone & Swisher,* for appellant.

*Timothy W. Mahoney,* for respondent.

MUNSON, J.—The Firemen's Relief and Pension Board of the City of Richland appeals from the trial court's determination it is not entitled to subrogation, as provided by RCW 41.26.150, against any sums Harold R. Jones is to receive as a result of an automobile accident. Two issues are presented: (1) whether the Pension Board's right to subrogation as set out in RCW 41.26.150(3) applies against any of Mr. Jones' automobile insurance benefits, and (2) whether this statutory right to subrogation attaches before the injured individual is fully compensated for his or her injuries.

Both parties stipulate to the following facts. On July 21, 1985, Mr. Jones was severely injured in a 2–car collision.

Mr. Jones received $25,000 (the policy limit) from the other driver's insurer, $10,000 in personal injury protection (PIP) coverage and $25,000 in underinsured motorist benefits (policy limit) from his own insurer. Additionally, the Pension Board paid over $13,000 in disability benefits to Mr. Jones, a disabled, retired fireman, to cover his medical expenses. Thereafter, the Pension Board claimed a right of subrogation against any sums he obtained as a result of his injuries. The parties stipulate the driver of the other automobile is judgment proof. The parties further stipulate Mr. Jones' damages exceed the total amount of all insurance benefits to which he is entitled.

Mr. Jones brought this action seeking a judgment declaring that the Pension Board has no right of subrogation in any benefits.[1] The trial court denied the Pension Board any right to subrogate, holding it could recover only the disability benefits it had paid to Mr. Jones after he had been fully compensated for his injuries. The Pension Board sought direct review of that decision to the Washington Supreme Court which remanded to this court. We affirm.

The Pension Board initially contends its subrogation rights entitle it to be reimbursed for any disability payments it paid to Mr. Jones from the proceeds he received under his underinsured motorist policy. RCW 41.26.150 provides that any employer or disability board, such as the Pension Board here, which pays Law Enforcement Officers' and Fire Fighters' Retirement System (LEOFF) disability benefits to an active member, e.g., Mr. Jones, may have the right to seek subrogation for any benefits paid. RCW 41.26.150 provides in relevant part:

> (1) Whenever any active member . . . is confined in any hospital or . . . requires medical services, the employer shall pay for . . . the necessary medical services not payable from some other source as provided for in subsection (2). . . .
> (2) The medical services payable under this section will

---

[1] Mr. Jones' attorney stated at oral argument he has the funds from the three insurance provisions in his trust account.

be reduced by any amount received or eligible to be received by the member under workers' compensation, social security[,] . . . insurance provided by another employer, other pension plan, or any other similar source. . . .

(3) Upon making such payments as are provided for in subsection (1), *the employer shall be subrogated to all rights of the member against any third party who may be held liable for the member's injuries or for the payment of the cost of medical services in connection with a member's sickness or disability* to the extent necessary to recover the amount of payments made by the employer.

(Italics ours.)

The Pension Board reads RCW 41.26.150(3) as entitling it to subrogation rights in two different situations: (1) where the member obtains recovery against "any third party"; or (2) where the member is paid for "the cost of medical services in connection with the member's sickness or disability" from whatever source. We disagree with the Pension Board's interpretation for two reasons.

■ First, a reading of two different subrogation rights into subsection (3) is strained as illustrated by the grammatical awkwardness of that interpretation. Under the Pension Board's reading of RCW 41.26.150(3), the first mentioned subrogation right would be given "to" the Pension Board and would include "all rights of the member" against the third party. The second right, however, would be "for" the payment of the cost of the member's medical expenses. A better reading of this subsection is that it creates only *one* right of subrogation: "to all rights of the member against any third party" from whom recovery may be obtained. The remainder of subsection (3) merely describes the types of liability covered by this subrogation right.

Second, the Pension Board's interpretation does not address RCW 41.26.150(2). That section permits the Pension Board to reduce any LEOFF benefits paid for "medical services . . . by any amount received" by the member from

other current work–related insurance or benefit plans.[2] Because the employer's initial expenditure for "medical services" is already reduced under subsection (2), it appears redundant to also give the employer (Pension Board) a right of subrogation against the same benefits in subsection (3). Interpreting the statute as a whole, we hold subsection (2) directly reduces the employer's obligation by the amounts received by the member from other types of work–related insurance while subsection (3) gives the employer a subrogation interest in sums received by the member from the third party responsible for the member's injury or medical bills.

Given our interpretation of RCW 41.26.150, the Pension Board does not have a right of subrogation against Mr. Jones' underinsured motorist benefits since his recovery under that policy is not from a "third party." *Britton v. Safeco Ins. Co. of Am.*, 104 Wn.2d 518, 529, 707 P.2d 125 (1985). Rather, his underinsured motorist benefits are a result of premium payments paid for his own benefit and protection. *See also Cammel v. State Farm Mut. Auto. Ins. Co.*, 86 Wn.2d 264, 543 P.2d 634 (1975). *Cf. Knight v. Insurance Co. of North Am.*, 647 F.2d 127, 128 (10th Cir. 1981) (workmen's compensation carriers subrogation rights do not extend to benefits received under underinsured motorist policies).

By the same analysis, we hold the Pension Board is not entitled to subrogation rights against Mr. Jones' PIP coverage. Thus, neither of the provisions of his own policy is subject to the Pension Board's right of subrogation.

 The remaining issue is whether the Pension Board is entitled to subrogation from the $25,000 Mr. Jones received from the tortfeasor where, as here, he has not been fully compensated for his injuries. The general rule is that where

---

[2]The Pension Board has not made a claim against any of the policies in question here under RCW 41.26.150(2). Therefore, we do not address its applicability to this case. Counsel for Mr. Jones commented at oral argument that subsection (2) only applies to work–related insurance, not the polices in issue here.

the insured is entitled to receive recovery for the same loss from more than one source, *e.g.*, the insurer and the tortfeasor, the insurer acquires a right to subrogation *only* after the insured has been fully compensated for the loss. *Elovich v. Nationwide Ins. Co.*, 104 Wn.2d 543, 555, 707 P.2d 1319 (1985); *Thiringer v. American Motors Ins. Co.*, 91 Wn.2d 215, 220, 588 P.2d 191 (1978).

Nonetheless, the Pension Board contends that *Elovich* and *Thiringer* apply only to contractual or equitable subrogation rights, not to statutorily created subrogation rights like those here. As *Thiringer* points out at page 220: "Subrogation is an equitable doctrine . . . *unless otherwise directed by statutory requirements*". The Pension Board argues because RCW 41.26.150(3) simply provides that an employer is to be subrogated to "all rights of the member", the Legislature's intent was to give the Pension Board a right of subrogation "regardless of whether [Mr. Jones] is first fully compensated for his damages."

In RCW 51.24.060, a "subrogation–like" provision of the Industrial Insurance Act, the Legislature has clearly "directed" how an injured worker's third party recovery is to be distributed between the worker and the Department of Labor and Industries. The Department's right to a certain percentage of any recovery under that statute has been held not to be subject to equitable principles. *See Rhoad v. McLean Trucking Co.*, 102 Wn.2d 422, 427, 686 P.2d 483 (1984). Unlike the situation here, under RCW 51.24.060 the Department acquires a statutory lien in any recovery. Moreover, the provision here fails to specify similar guidelines on how any recovery is to be distributed; rather, it merely entitles the Pension Board to "subrogation." In the absence of a clearer indication from the Legislature, we decline to hold this language constitutes a legislative directive to abandon equitable considerations.[3]

---

[3]The Pension Board contends *Carlson v. Cain*, __ Mont. __, 700 P.2d 607, 617 (1985), in interpreting a worker's compensation statute with language similar to that found in RCW 41.26.150(3), mandates a contrary result. However, the

Additionally, we recognize two competing public policies are in question here: (1) the need to maintain the LEOFF fund to insure the future availability of funds and (2) the desire to fully compensate victims for their injuries. Although the future availability of funds is always an important consideration, given the unique facts of this case, our holding does not threaten those funds. Moreover, the policy of fully compensating victims has repeatedly been held by our courts to be extremely important. *See Thiringer,* at 220. Under these circumstances, we hold Mr. Jones is entitled to be fully compensated before the Pension Board may enforce its right, if any, of subrogation. Thus, the funds from the tortfeasor policy, on these facts, are not subject to subrogation.

The judgment is affirmed.

THOMPSON, A.C.J., and GREEN, J., concur.

provision in question there was found in a workers' compensation statute, an entirely different statutory scheme than found here; therefore, we decline to apply the *Cain* rationale here.