[No. 35736-1-I.   Division One.   July 24, 1995.]

Scott Paulsen, *Appellant*, v. The Department of Social and Health Services, *Respondent*.

*Robert Anderton* and *Thomas Chambers*, for appellant.

*Mark Brevard*, of *the Attorney General's Office*, for respondent.

COLEMAN, J. — In this case, this court is asked to decide whether the State's statutory right to recover medical payments made under RCW 74.09.180 and 43.20B.060 is subject to equitable subrogation principles, which allow recovery only after the injured party is fully compensated for his injuries by the tortfeasor. In *Department of Labor & Indus. v. Dillon*, 28 Wn. App. 853, 626 P.2d 1004 (1981), the court addressed a similar statute and found that a statutory lien securing reimbursement evidences legislative intent to displace equitable principles. We find similar legislative intent expressed in the language of the statutes at issue here and affirm.

In 1990, Scott Paulsen was severely injured while working at a construction site. He filed a lawsuit against the subcontractor and the owner of the construction site, which the parties settled for the defendants' policy limits, $2.1 million. Paulsen had received $46,346 in medical care payments from the Department of Social and Health Ser-

vices. The Department asserted a lien on the recovery in the amount of $30,938 for payments made less a proportionate share of attorney fees. Paulsen brought the present action, arguing that (1) RCW 74.09.180 and 43.20B.060 allow application of the equitable principle that an injured party must be fully compensated before an insurer may assert its right to recovery and (2) the settlement had not made him whole. The parties each moved for summary judgment. The trial court found legislative intent in the statutes to displace equitable subrogation principles and entered judgment in favor of the Department. The Washington Supreme Court declined direct review.

The sole issue to be determined is whether the Department's statutory right to assert a lien on a medical assistance recipient's recovery is governed by equitable subrogation principles. Under RCW 74.09, DSHS generally pays for medical care services provided to eligible persons. The Department is not obligated to pay for these services, however, when the individual's injuries are caused by the negligence or wrong of another. When the Department elects to pay in these circumstances, the agency becomes "*subrogated* to the recipient's rights against the recovery had from any tortfeasor or the tortfeasor's insurer, or both, *and shall have a lien* thereupon to the extent of the value of the assistance furnished by the department". (Italics ours.) RCW 74.09.180. To secure reimbursement, the statute additionally allows the Department to pursue its remedies under RCW 43.20B.060, which provides:

> (1) To secure reimbursement of any assistance paid under chapter 74.09 . . . the department shall be subrogated to the recipient's rights against a tort feasor or the tort feasor's insurer, or both.

> (2) The department shall have a lien upon any recovery by or on behalf of the recipient from such tort feasor or the tort feasor's insurer, or both to the extent of the value of the assistance paid[.]

> (3) The lien of the department shall be upon any claim,

right of action, settlement proceeds, money, or benefits arising from an insurance program to which the recipient might be entitled[.]

Paulsen contends that the statutes, by use of the term "subrogated," incorporate equitable subrogation principles. These principles developed to prevent the unjust enrichment of either the tortfeasor whose debt is paid by the insurer or the tort victim who recovers from both the insurer and the tortfeasor. Generally, subrogation allows the insurer to be substituted to the rights of the insured and pursue recovery directly from the tortfeasor or, when the insured recovers from the tortfeasor, to be reimbursed from that recovery. *United States v. Greene*, 266 F. Supp. 976, 979 (N.D. Ill. 1967); 1 George E. Palmer, *Law of Restitution* § 1.5, at 23-24 (1978). In equity, the insurer's right to recover its subrogation interest is limited, however, to "the excess which the insured has received from the wrongdoer, remaining after the insured is fully compensated for his loss". *Thiringer v. American Motors Ins. Co.*, 91 Wn.2d 215, 219, 588 P.2d 191 (1978).

The State argues that RCW 74.09.180 and 43.20B.060 are similar to other statutes that have been held to supplant common law subrogation principles, citing *Department of Labor & Indus. v. Dillon,* 28 Wn. App. at 855 and *Rhoad v. McLean Trucking Co.*, 102 Wn.2d 422, 426, 686 P.2d 483 (1984). In *Dillon*, the Court of Appeals considered whether the victims' compensation act supplanted the same equitable principle advanced by Paulsen. The statute at issue in that case provided that the Department of Labor and Industries "shall be subrogated to and have a lien upon any recovery [by the victim from the tortfeasor] to the extent of the payments made by the department". *Dillon*, 28 Wn. App. at 855 (quoting former RCW 7.68.050). Creation of a lien against recovery in addition to a right of subrogation, the court found, signaled legislative intent to replace equitable subrogation principles.

A statutory right to reimbursement (*i.e.* the Department's lien on recovery) is not to be diminished absent an express

statutory provision. We may not do so under the guise of statutory construction. *Courtright v. Sahlberg Equip., Inc.*, 88 Wn.2d 541, 544-45, 563 P.2d 1257 (1977). Equitable principles cannot be asserted to establish equitable relief in derogation of statutory mandates. *Norlin v. Montgomery*, 59 Wn.2d 268, 273, 367 P.2d 621 (1961). This is recognized by the *Thiringer* case relied upon by Dillon, where it was stated:

> Subrogation is an equitable doctrine, and an examination of the cases cited by both parties shows that courts, *unless otherwise directed by statutory requirements*, attempt to resolve each case upon a consideration of the equitable factors involved, guided by the principle that a party suffering compensable injury is entitled to be made whole but should not be allowed to duplicate his recovery.

(Italics ours.) *Thiringer*, . . . at 220. Therefore, statutory interpretation and not the equitable doctrine of subrogation is determinative. The statute is clear and unambiguous. The Department is entitled to a lien upon the amount of recovery, whether or not the victim has recovered in full for his injuries.

*Dillon*, 28 Wn. App. at 855-56.

In *Rhoad*, the Supreme Court found clear legislative intent to displace equitable subrogation principles in the workers' compensation act. In that case, Rhoad argued that the equitable principle requiring an insurer to bear a proportionate share of attorney fees applied under the provision mandating priorities for distribution of recovery from third parties. That statute provided:

> (1) In an action by the injured worker or beneficiary against the third person, any award or settlement shall be distributed as follows:
>
> (a) The costs and reasonable attorneys' fees shall be paid;
>
> (b) The injured worker or beneficiary shall be paid twenty-five percent of the balance of the award . . .
>
> (c) The department or self-insurer shall be paid the balance of the award, but only to the extent necessary to reimburse . . . for compensation or benefits paid;
>
> (d) Any remaining balance shall be paid to the injured worker or beneficiary;
>
> . . .

(2) The award or settlement shall be subject to a lien by the department or self-insurer for its share under this section.

*Rhoad*, 102 Wn.2d at 425 (quoting former RCW 51.24.060). The court found that the distribution scheme clearly provided for payment of attorney fees as a charge against the third party recovery itself and refused to read equitable principles into the plain language of the statute. *Rhoad* 102 Wn.2d at 425-26. Citing *Department of Labor & Indus. v. Dillon*, 28 Wn. App. 853, 626 P.2d 1004 (1981), the court acknowledged the difference between a statutory compensation lien and an equitable subrogation right and stated that the equitable principle at issue applied only to the latter. *Rhoad*, 102 Wn.2d at 427-28.

Paulsen argues that the statutes at issue in the present case are more analogous to the firemen's pension fund statute considered in *Jones v. Firemen's Relief & Pension Bd. of Richland*, 48 Wn. App. 262, 265, 738 P.2d 1068 (1987). The pension fund statute provided that a pension board paying disability benefits "*shall be subrogated to all rights of the member against any third party who may be held liable* . . . to the extent necessary to recover the amount of payments made". *Id.* at 265 (quoting former RCW 41.26.150(3)). The court concluded that the provision failed to express clear intent to disregard equitable subrogation principles. Without addressing *Dillon*, the court noted that the firemen's pension fund statute "merely entitles the Pension Board to 'subrogation' " and does not specify distribution guidelines similar to the "subrogation-like" statute in *Rhoad*. *Id.* at 267. The statute addressed in *Jones* granted the State a right of subrogation without authorizing a corresponding lien against any tort recovery. The statutes at issue here, however, create a statutory compensation lien as well as a right to subrogation, like the provision in *Dillon*.

Paulsen suggests that *Dillon* was wrongly decided and asks this court to adopt the reasoning in *Underwood v.*

*Department of Health & Rehabilitative Servs.*, 551 So.2d 522 (Fla. Dist. Ct. App. 1989), *review denied*, 562 So.2d 345 (Fla. 1990). In that case, the Florida Court of Appeals held that Florida's Medical Assistance Law, which granted the state a subrogation right as well as a lien on recovery, allowed application of equitable subrogation principles. The court focused on the nature of a lien and not on the fact that the legislature had created one as a means to recoup payments.

> Appellee's reliance upon [the language granting a lien] overlooks the "subrogation" language used throughout the remainder of the Medical Assistance Law where reimbursement to HRS is provided. It also overlooks the general principles of the law as they pertain to security interests that secure an underlying obligation. The creation or existence of the security interests does not create, add to or subtract from the amount of the underlying obligation. A lien or any other security is created or obtained simply to secure the underlying obligation. Therefore, section 409.266(4)(f) does not create in behalf of HRS a right to an additional *amount* of reimbursement other than is provided elsewhere in the Medical Assistance Law.

*Underwood*, 551 So.2d at 525.

■ ■ We decline to adopt the Florida court's analysis. Subrogation and lien are separate equitable remedies designed to secure repayment of an underlying obligation, which, in these circumstances, is payment for medical services necessitated by the tortfeasor. Palmer, *supra*, at 20-24. A lien is not required to ensure repayment of a subrogation interest; subrogation, by itself, secures the right to recover. The structure and language of the statutes at issue support the presumption that the Legislature was cognizant of the historical distinction between the two remedies and created a statutory lien as an alternate means to recover. Unlike Florida's medical assistance statute considered in *Underwood*, the statutes at issue here emphasize reimbursement, which by definition denotes restoration of an amount equivalent to that expended or repayment in full. The scope of the lien, "to

the extent of the value of the assistance furnished", further expresses legislative intent to allow the Department to recoup its payments regardless of whether the tort victim has recovered in full for the injury.

Thus, the statutes, by creating a lien upon recovery to the extent of the Department's payments in addition to the agency's subrogation right, demonstrate legislative intent to displace the equitable subrogation principle that postpones recovery until full compensation is made by the tortfeasor. As the Supreme Court stated in *Rhoad*, "It might very well be that it would be wiser to provide by legislation for the result contended for by [appellant]. We may not, however, under the guise of construction substitute our view for that of the legislature[.]" *Rhoad*, 102 Wn.2d at 428 (quoting *Courtright v. Sahlberg Equip., Inc.*, 88 Wn.2d 541, 545, 563 P.2d 1257 (1977)).

The order of summary judgment is affirmed.

WEBSTER and AGID, JJ., concur.

Review denied at 128 Wn.2d 1010 (1996).